UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA and the
STATE OF MICHIGAN,

    Plaintiffs,

v

BLUE CROSS BLUE SHIELD OF MICHIGAN, a
Michigan nonprofit healthcare corporation,

    Defendant.
_____/

No. 2:10-cv-14155-DPH -MKM

HON. DENISE PAGE HOOD

MAG. MONA K. MAJZOUB

**PLAINTIFF STATE OF MICHIGAN'S MEMORANDUM IN OPPOSITION TO
DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO DISMISS
THE COMPLAINT WITH PREJUDICE**

Bill Schuette
Attorney General

/s/ M. Elizabeth Lippitt
Assistant Attorney General
Attorneys for the State of Michigan
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
LippittE@michigan.gov
(P70373)

Dated:  January 20, 2011

## TABLE OF CONTENTS

Page

Concise Statement of Issues Presented ............................................................................................ ii

Controlling or Most Appropriate Authority .................................................................................... iii

Statement of Facts ............................................................................................................................ 1

Argument ......................................................................................................................................... 1

I.      Blue Cross's conduct is subject to the Michigan Antitrust Reform Act. ............................ 1

        A.    The Legislature intended that § 774(6) govern whether Blue Cross's conduct is subject to antitrust scrutiny. ...................................................................................... 2

        B.    Subsection (6) does not exempt Blue Cross's conduct from antitrust scrutiny because Blue Cross's conduct does not reduce (nor was it intended to reduce) the cost of healthcare. ................................................................................................. 3

        C.    Even if this Court analyzes Blue Cross's conduct under subsections (4) or (5) of MARA Section 4, Blue Cross is still subject to antitrust scrutiny .............................. 3

Conclusion and Relief Sought ......................................................................................................... 6

**CONCISE STATEMENT OF ISSUES PRESENTED**

I. Is Blue Cross's use of the Most Favored Nation clauses at issue in this case not exempt from the Michigan Antitrust Reform Act where the Act does exempt transactions aimed at lowering health-care costs but Blue Cross's use of these MFNS has raised – not lowered – health-care costs for competing health plans and self-insured employers.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Amerisure Insurance Co. v. Plumb*, 282 Mich. App 417; 766 N.W.2d 878 (2009) ....................... 3

*Bradley v. Saranac Board of Education*, 455 Mich. 285; 656 N.W.2d 650 (1997). ...................... 4

*Bush v. Shabahang*, 484 Mich. 156; 772 N.W.2d 272, 279 (2009) ................................................ 2

*In re Certified Question from the United States Court of Appeals for the Sixth Circuit*,
    468 Mich. 109; 659 N.W.2d 597, 600 (2003) ............................................................................ 2

*In the Matter of Hospital Provider Class Plan Determination Report Pursuant to Public
    Act 350 of 1980*, No. 09-019-BC .............................................................................................. 6

*Jones v. Enertel Inc.*, 467 Mich. 266; 650 N.W.2d 334 (2002) ...................................................... 4

*Macomb County Prosecuting Attorney v. Murphy*, 464 Mich. 149; 627 N.W.2d 247
    (2001) ........................................................................................................................................ 2

*Travel Agent Commission Antitrust Litigation*, 583 F.3d 896 (6th Cir. 2009). .............................. 3

**Statutes**

Mich. Comp. Laws § 445.774 ................................................................................................. passim

Mich. Comp. Laws § 550.1201 ....................................................................................................... 2

Mich. Comp. Laws § 550.1501 ....................................................................................................... 5

Mich. Comp. Laws § 550.1515 ....................................................................................................... 5

Mich. Comp. Laws § 550.1619 ....................................................................................................... 5

**STATEMENT OF FACTS**

The State of Michigan concurs in and adopts the United State's Statement of the Case in the United States' separately filed memorandum.

**ARGUMENT**

The State of Michigan concurs in and adopts the arguments made by the United States in its memorandum under Issue No. 1, "The Complaint States a Plausible Claim for Relief," in support of the United State's and the State of Michigan's Sherman Act claims in Count I and the State of Michigan's Michigan Antitrust Reform Act claim in Count II of the Complaint.

**I.      Blue Cross's conduct is subject to the Michigan Antitrust Reform Act.**

The Michigan Antitrust Reform Act ("MARA") applies generally to any entity engaged in trade or commerce in the State of Michigan, with some limited exemptions found in Section 4 of the Act.  Mich. Comp. Laws § 445.774.  Blue Cross claims that its use of Most Favored Nation ("MFN") clauses is exempt under this section.  However, Blue Cross's argument is incorrect.

The question of whether Blue Cross's conduct is exempt under MARA most clearly arises in relation to § 774(6), which provides:

> This act shall not apply to a transaction or conduct of an authorized health maintenance corporation, health insurer, medical care corporation, or health service corporation or health care corporation when the transaction or conduct is to reduce the cost of health care and is permitted by the commissioner. This subsection shall not affect the enforcement of the federal antitrust act by federal courts or federal agencies.

§ 774(6).  Under the subsection, Blue Cross's use of MFN clauses might be exempt if they were used "to reduce the cost of health care."[1]  § 774(6).  However, as implemented, these MFNs do not reduce the cost of health care.  *See*, *e.g*., Complaint ¶¶ 5, 6.

---

[1] Blue Cross's use of MFNs would also need to be "permitted by the commissioner." § 774(6).

1

### A. The Legislature intended that § 774(6) govern whether Blue Cross's conduct is subject to antitrust scrutiny.

This Court should evaluate whether Blue Cross's use of MFNs is subject to review under MARA by looking to subsection (6) of § 774. If a statute is clear, a court will apply it as written. *In re Certified Question from the United States Court of Appeals for the Sixth Circuit*, 468 Mich. 109; 659 N.W.2d 597, 600 (2003). A plain text reading of § 774(6) shows that this provision applies specifically to Blue Cross. Subsection (6) expressly pertains to, *inter alia*, a "health care corporation." § 774(6). That term - "health care corporation" – has a very specific meaning under Michigan statutory law, and Blue Cross is presently the only health care corporation in the State of Michigan. Mich. Comp. Laws § 550.1201; Blue Cross Memorandum 2 n. 6. Additionally, Blue Cross owns Blue Care Network (BCN), which is a health maintenance corporation, and health maintenance corporations are also expressly named and subject to subsection (6). Mich. Comp. Laws § 445.774(6). Hence, it is clear that §774(6) controls whether Blue Cross's use of MFNs is subject to review under MARA.

Even if this Court were to find that the statute is ambiguous, rules of statutory interpretation lead to the same conclusion that § 774(6) governs. A court's primary goal when construing a statute is to give effect to the intent of the legislature. *Macomb County Prosecuting Attorney v. Murphy*, 464 Mich. 149, 158; 627 N.W.2d 247 (2001). In construing MARA, this Court should consider MARA's legislative history. *See Bush v. Shabahang*, 484 Mich. 156; 772 N.W.2d 272, 279 (2009) ("An analysis of a statute's legislative history is an important tool in ascertaining legislative intent."). During deliberations regarding the 1984 Michigan Antitrust Reform Act, Blue Cross opposed its adoption, as originally drafted, because it could sweep into its purview Blue Cross's "efforts at cost containment" that "are permitted . . . but not specifically authorized." House Bill 4994 Second Analysis, at 3 (Nov. 23, 1983) (Ex. 1). The Legislature

2

subsequently added § 774(6), which exempts conduct by a "health care corporation when the transaction or conduct is to reduce the cost of health care and is permitted by the commissioner." That the Legislature intended to address Blue Cross's conduct in § 774(6) is shown by the similarity of the language in Blue Cross's objection to the bill, as quoted above, and the subsequently added § 774(6).

> **B.  Subsection (6) does not exempt Blue Cross's conduct from antitrust scrutiny because Blue Cross's conduct does not reduce (nor was it intended to reduce) the cost of healthcare.**

Under § 774(6), to be exempt from MARA, Blue Cross's conduct must be to reduce the cost of health care and be permitted by the commissioner. When construing a statute, courts interpret the use of the word "and" between two phrases as requiring that both conditions be met. *Amerisure Insurance Co. v. Plumb*, 282 Mich. App 417; 766 N.W.2d 878, 885 (2009). Here, Blue Cross does not qualify for the exemption because the MFNs fail to meet the condition that they be designed "to reduce the cost of health care."[2]

As described in the Complaint, the MFNs do not reduce costs nor did Blue Cross design them to reduce costs. *See, e.g.*, Complaint ¶ 43 (quoting Blue Cross's position that it needed "to make sure [the hospital] get[s] a price increase from Priority if we are going to increase their rates."). When evaluating a motion to dismiss, this Court must accept the allegations in the complaint as true. *Travel Agent Commission Antitrust Litigation*, 583 F.3d 896, 903 (6th Cir. 2009). Consequently, Blue Cross's contention that MFNs were designed to lower costs is a fact question and inappropriate at this stage of the litigation.

> **C.  Even if this Court analyzes Blue Cross's conduct under subsections (4) or (5) of MARA Section 4, Blue Cross is still subject to antitrust scrutiny.**

---

[2] Because Blue Cross does not meet the condition of reducing costs, this Court need not reach the question of whether the MFNs were permitted.

3

Blue Cross also claims that it is exempt from review under MARA pursuant to § 774(4) and (5) of the Act.  This argument is not correct.  Subsections (4) and (5) provide:

> (4) This act shall not apply to a transaction or conduct specifically authorized under the laws of this state or the United States, or specifically authorized under laws, rules, regulations, or orders administered, promulgated, or issued by a regulatory agency, board, or officer acting under statutory authority of this state or the United States.
> (5) A transaction or conduct made unlawful by this act shall not be construed to violate this act where it is the subject of a legislatively mandated pervasive regulatory scheme, including but not limited to, the insurance code of 1956, being sections 500.100 to 500.8302 of the Michigan Compiled Laws, which confers exclusive jurisdiction on a regulatory board or officer to authorize, prohibit or regulate the transaction or conduct.

§ 774(4)-(5).

If the Legislature intended for § 774(4) and (5) to apply to Blue Cross it would have specifically included Blue Cross in those subsections as it did in § 774(6), yet it did not.  And under the doctrine of *expressio unius est exclusion alterius*, "the express mention in a statute of one thing implies the exclusion of other similar things," that is significant.  *Bradley v. Saranac Board of Education*, 455 Mich. 285; 656 N.W.2d 650, 656 (1997).  By not including Blue Cross in §774(4) or (5), while including it in § 774(6), the Legislature is making plain its intention to have § 774(6) govern Blue Cross's conduct.  Rules of statutory interpretation also provide that the Legislature intends for specific statutes to prevail over general ones.  *Jones v. Enertel Inc.*, 467 Mich. 266; 650 N.W.2d 334, 337 (2002).  Therefore the general subsections (4) and (5) must yield to the more specific subsection (6).

However, even if the Court determines that § 774(4) or (5) apply, Blue Cross still would not be exempt from MARA.  First, Blue Cross was not specifically authorized to use the MFN provisions, so Blue Cross is subject to antitrust examination under § 774(4).  There is no evidence that the Commissioner knew of the MFN clauses in Blue Cross's contracts with

4

hospitals in Peer Groups 1-4, and without knowledge it would be impossible for the Commissioner to specifically authorize those MFNs under any laws, rules, regulations, or orders. Regarding the Peer Group 5 hospital MFNs, as Blue Cross admits, the Commissioner merely acknowledged the existence of MFNs in an order retroactively approving Blue Cross's hospital Provider Class Plan.[3]  Blue Cross Memorandum at 48.  While Blue Cross was specifically authorized to engage in certain conduct, such as contracting with hospitals, *see, e.g.,* Mich. Comp. Laws § 550.1501 (allowing a health care corporation to contract with health care facilities), it was not specifically authorized to use MFNs.

Second, Blue Cross is subject to antitrust examination under § 774(5).  Mich. Comp. Laws § 445.774(5).  Blue Cross devotes many pages of its brief to show that it is pervasively regulated.  However, none of the regulations cited by Blue Cross indicate that the MFNs are the *subject* of any of those regulations, as required by the language of § 774(5).  Furthermore, the legislatively mandated pervasive regulatory scheme of § 774(5) must confer exclusive jurisdiction on a regulatory board or officer to authorize, prohibit, or regulate the transaction or conduct at issue, but the Commissioner does not have exclusive jurisdiction over Blue Cross's transactions or conduct.  As Blue Cross admits, the Michigan Attorney General also has jurisdiction to, *inter alia*, bring an action against Blue Cross for violating Public Act 350 under Mich. Comp. Laws § 550.1619(2) and to appeal a Provider Class Plan under Mich. Comp. Laws § 550.1515(1).  Mich. Comp. Laws § 550.1515(1), § 550.1619(2).  *See* Blue Cross Memorandum at 20.

---

[3] Furthermore, Provider Class Plan review applies to Blue Cross's "traditional" plan only, which is a very small portion of Blue Cross's business.  *See* Order, *In the Matter of Hospital Provider*

5

## CONCLUSION AND RELIEF SOUGHT

The State of Michigan respectfully requests that this Court deny Blue Cross's motion to dismiss the Michigan Antitrust Reform Act claim in Count II of the Complaint. The State of Michigan also respectfully requests that this Court deny Blue Cross's motion to dismiss the Sherman Act claim in Count I of the Complaint, as addressed by the United States in its separately filed memorandum.

    Respectfully submitted,

    Bill Schuette
    Attorney General


    /s/ M. Elizabeth Lippitt
    Assistant Attorney General
    Attorneys for the State of Michigan
    Corporate Oversight Division
    P.O. Box 30755
    Lansing, MI 48909
    (517) 373-1160
    LippittE@michigan.gov
    (P70373)

Dated: January 20, 2011

---

*Class Plan Determination Report Pursuant to Public Act 350 of 1980*, No. 09-019-BC at 16 (Ex. 2).

## CERTIFICATE OF SERVICE (E-File)

I hereby certify that on January 20, 2011, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ M. Elizabeth Lippitt
Assistant Attorney General
Attorneys for the State of Michigan
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
LippittE@michigan.gov
(P70373)