STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. BOX 30754
LANSING, MICHIGAN 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

February 23, 2011

**Via Electronic Filing**

The Honorable Denise Page Hood
United States District Court
for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 251
Detroit, MI 48226

      Re: *United States and State of Michigan versus Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14155-DPH-MKM

Dear Judge Hood:

      The State of Michigan ("State") submits this letter to clarify and confirm its support of and agreement with the United States that Blue Cross Blue Shield of Michigan ("Blue Cross") is not entitled to the state action exemption and that the Court should not abstain from hearing the case under the *Burford* abstention doctrine.[1]  Counsel for the State believes it is important to clarify this issue in advance of oral argument on Blue Cross's Motion to Dismiss, currently scheduled for April 19, 2011, so that the parties do not consume the Court's resources arguing this point.

      Along with the United States, the State of Michigan has alleged a federal antitrust claim against Blue Cross under the Sherman Act (15 U.S.C. § 1).  Consequently, the State's interests are aligned with the United States' interests in countering Blue Cross's defenses against this

---

[1] In the United States' opposition pleading to Blue Cross's motion to dismiss, the United States argued three issues: 1) the complaint stated a plausible claim for relief, 2) Blue Cross was not entitled to the state action exemption, and 3) *Burford* abstention is inapplicable to this case.  In the State's separate opposition pleading to Blue Cross's motion to dismiss, the State joined the United States' argument that the complaint stated a plausible claim for relief but did not discuss the arguments regarding state action immunity and *Burford* abstention.  See Plaintiff State of Michigan's Opposition to Blue Cross's Motion to Dismiss at 1, docket no. 17.  Blue Cross incorrectly interpreted this to mean that the State "abandoned" the United States concerning those issues.  See Blue Cross's Reply Brief in Support of Defendant Blue Cross Blue Shield of Michigan's Motion to Dismiss at 1, docket no. 25.

claim under the state action and *Burford* abstention doctrines. First, concerning the state action doctrine, the State agrees with the United States that the Michigan Legislature has not clearly articulated an intent to displace competition with regulation that would foreseeably or logically result in the challenged conduct; Blue Cross is not exempt from the requirement of active supervision; and the State has not actively supervised the challenged conduct. Second, the State agrees with the United States that *Burford* abstention is inapplicable to this action.

          Respectfully submitted,

          Bill Schuette
          Attorney General


          /s/ M. Elizabeth Lippitt
          Assistant Attorney General
          Attorneys for the State of Michigan
          Corporate Oversight Division
          P.O. Box 30755
          Lansing, MI 48909
          (517) 373-1160
          LippittE@michigan.gov
          (P70373)


c: Via E-Filing
   Farayha J. Arrine
   Joseph A. Fink
   Thomas G. McNeill
   Todd M. Stenerson
   Robert A. Phillips
   Ryan Danks

**CERTIFICATE OF SERVICE (E-File)**

I hereby certify that on February 23, 2011, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ M. Elizabeth Lippitt
Assistant Attorney General
Attorneys for the State of Michigan
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
LippittE@michigan.gov
(P70373)