IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF MICHIGAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:10cv14155-DPH-MKM<br>Judge Denise Page Hood<br>Magistrate Judge Mona K. Majzoub |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) | |
| Defendant. | ) ) | |

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY**

In the interests of (i) promoting an efficient and prompt resolution of this action; (ii) facilitating discovery by the Parties litigating this action; and (iii) protecting the Parties' and non-parties' Confidential Information from improper disclosure or use, Plaintiffs United States of America and State of Michigan, and Defendant Blue Cross Blue Shield of Michigan (collectively, the "Parties"), have stipulated to the provisions set forth below. Upon good cause shown, pursuant to Fed. R. Civ. P. 26(c)(1)(G) and E.D. Mich. LR 26.4, the Court ORDERS as follows:

**A.     DEFINITIONS**

1.     As used in this Order:

(a)     "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information.

(b) "Defendant" means Blue Cross Blue Shield of Michigan, its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

(c) "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

(d) "Document" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

(e) "Investigations" means the Department of Justice's and/or the State of Michigan's pre-Complaint inquiries into (i) Defendant's inclusion of "most favored nation" clauses in its contracts with hospitals in Michigan; and/or (ii) Defendant's proposed acquisition of Physicians Health Plan of Mid-Michigan.

(f) "Investigation Materials" means documents, transcripts of testimony, or other materials that (i) any non-party provided to any Party either voluntarily or under compulsory process during the Investigations; (ii) any Party sent to any non-party during the Investigations; and/or (iii) Defendant has provided to either Plaintiff during the Investigations.

(g) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(h) "Plaintiffs" means the United States of America and the State of Michigan, the Antitrust Division of the Department of Justice, the Michigan Attorney General's Office, and all employees, agents, and representatives of the Antitrust Division of the Department of Justice and the Michigan Attorney General's Office.

(i) "Protected Person" means any person (including a Party) that has provided Investigation Materials or that, voluntarily or under compulsory process, provides any documents or testimony in this action.

(j) "This Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

**B. DESIGNATION OF CONFIDENTIAL INFORMATION**

2. Within three business days after the Court's entry of this Order, each Plaintiff shall send by email, facsimile, or overnight delivery a copy of this Order to each non-party Protected Person (or, if represented by counsel, the Protected Person's counsel) that provided Investigation Materials to that Plaintiff.

3. A Protected Person may designate as "Confidential Information" any Investigation Materials that it has provided to a Party during the Investigations, or any documents or transcripts of testimony that it provides to any Party during this action, to the extent such information constitutes Confidential Information as defined in Paragraph 1(a) of this Order. Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential Information. Any production of documents or testimony not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated Confidential Information pursuant to Paragraph 6 of this Order. However, any such subsequent designation will not retroactively prohibit the disclosure of any information for which disclosure was proper when made.

4. Investigation Materials provided to a Party during the Investigations, or any documents or transcripts of testimony provided to a Party during the Investigations that was

-3-

previously designated "confidential" shall continue to be treated as Confidential Information and need not be re-designated as confidential pursuant to this paragraph.

5. Designation as Confidential Information of Investigation Materials and materials produced during this action prior to entry of this Order is governed as follows:

(a) All transcripts of depositions taken by either Plaintiff during the Investigations or during this action prior to entry of this Order will be treated as Confidential Information in their entirety for 30 days after entry of this Order. At any time during the 30-day period, each Protected Person may designate as Confidential Information, in compliance with paragraph 3 of this Order, any portion of the transcript, by page and line, and any accompanying exhibits produced by the Protected Person. Within seven days following the 30-day period, Plaintiffs shall transmit to Defendant all deposition confidentiality designations received from non-parties.

(b) All documents provided to either Plaintiff during the Investigations or during this action prior to entry of this Order will be treated as Confidential Information in their entirety for 60 days after entry of this Order. At any time during the 60-day period, any Protected Person may designate as Confidential Information, in compliance with paragraph 3 of this Order, any document or portion of a document produced to either Plaintiff as Confidential Information by providing Plaintiffs with document-production page numbers or other means of easily identifying the designated documents. Within seven days following the 60-day period, Plaintiffs shall transmit to Defendant all confidentiality designations received from non-parties.

6. Designation as Confidential Information of deposition transcripts and documents produced during this action after entry of this Order is governed as follows:

(a) Whenever discovery is sought by subpoena from a non-party in this action after entry of this Order, a copy of this Order shall accompany the subpoena.

(b) All transcripts of depositions taken in this action after entry of this Order will be treated as Confidential Information in their entirety for 30 days after the date a copy of the final transcript has been made available to the Protected Person for review. Within five days of receipt of the final transcript, the Party that noticed the deposition shall provide the final transcript to the Protected Person. At any time during the 30 days following receipt of the final transcript, the Protected Person may designate testimony as Confidential Information, in compliance with paragraph 3 of this Order. Such designations (with reference to the page(s) and line(s) of the final transcript) must be provided in writing by the person making such designations to Plaintiffs' and Defendant's counsel.

(c) A Protected Person that designates as Confidential Information any document produced in this action after entry of this Order must stamp or label each confidential page of each document with the designation "CONFIDENTIAL." If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential Information. Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk.

7. If a Party or Protected Person inadvertently fails to designate as Confidential Information any documents or testimony, it may later so designate by notifying the Parties in writing. After receiving such notice, the Parties shall thereafter treat the newly designated information as Confidential Information. No prior disclosure of newly designated Confidential

Information shall violate this Order and the Parties have no obligations regarding such prior disclosures, if any.

8. Any Party that objects to the designation as Confidential Information of any documents or transcripts may notify the designating person in writing, copying all Parties. The designating person shall then have 14 days from receipt of the notification to file a motion seeking a Court order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the person seeking to uphold the designation. If a motion is filed, the Parties shall continue to treat the designated Confidential Information at issue as Confidential Information until the Court rules on the motion. If the designating person does not seek an order within two weeks of receiving notice, or if the Court determines the designation of Confidential Information to have been inappropriate, the challenged designation shall be rescinded.

9. If a Party receives a confidentiality waiver to allow a deponent to be questioned on information that would otherwise be Confidential Information, that waiver (including identifying the specific Confidential Information to which it pertains) must be disclosed to counsel for all other Parties as soon as practicable, but in any event no later than five business days prior to the deposition of the witness in question.

C. **SCOPE OF DISCLOSURE OF CONFIDENTIAL INFORMATION**

10. Except as authorized by this Order, documents, transcripts of testimony, or other materials designated as Confidential Information pursuant to this Order shall not be disclosed to any person other than the persons set forth below, and may be disclosed to and used by the persons set forth below only in this action:

      (a)    the Court and all persons assisting the Court in this action, including law clerks, court reporters, and stenographic or clerical personnel;

      (b)    United States Department of Justice attorneys and employees, and independent contractors retained by the United States Department of Justice to assist in the prosecution of this litigation or otherwise assist in its work;

      (c)    Michigan Attorney General's Office attorneys and employees, and independent contractors retained by the Michigan Attorney General's Office to assist in the prosecution of this litigation or otherwise assist in its work;

      (d)    outside counsel acting for Defendant in this action, that counsel's employees, and independent contractors assisting such outside counsel in the defense of this action;

      (e)    authors, addressees, and recipients of particular information designated as Confidential Information solely to the extent that they have previously had lawful access to the particular information disclosed or to be disclosed;

      (f)    persons (and their counsel) whom Plaintiffs or Defendant believes, in good faith, to have had prior access to the Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they may have had access or that is the subject of the communication in which they may have participated; provided that, unless and until the persons or their counsel confirms that the persons had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the persons' access or participation; and

      (g)    testifying or consulting experts retained by a Party to assist outside counsel in the prosecution or defense of this action, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in this action.

      11.    Before any information designated as Confidential Information may be disclosed to any person described in paragraph 10 of this Order, he or she must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a Party, and shall have executed the agreement included as Appendix A hereto. Counsel for the Party making the disclosure must retain the original of such executed agreement for a period of at least one year following the final resolution of this action. Each individual described in paragraph 10 of this Order to whom information designated as Confidential Information is disclosed must not disclose that Confidential Information to any other individual, except as provided in this Order.

      12.    Notwithstanding paragraphs 8 and 9 of this Order, nothing in this Order:

      (a)    limits a person's use or disclosure of its own information designated as Confidential Information;

      (b)    prevents disclosure of Confidential Information by any Party to any current employee of the person that designated the information as Confidential Information; or

      (c)    prevents disclosure of Confidential Information by any Party with the consent of the person that designated the Confidential Information.

      (d)    prevents the United States or the State of Michigan, subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing information designated as Confidential Information (i) to duly authorized representatives of the

Executive Branch of the United States Government or of the State of Michigan; (ii) in the course of any other legal proceedings in which the United States or the State of Michigan is a party; (iii) to secure compliance with a Final Judgment that is entered in this action; (iv) for law enforcement purposes, or (v) as may be required by law.

        (e)    prohibits the discussion of issues with witnesses simply because those issues are discussed in confidential information, provided that the witness in question had lawful access to the particular information being discussed.

### D.    DISCLOSURE OF CONFIDENTIAL INFORMATION IN PRETRIAL PROCEEDINGS IN THIS ACTION

13.    If any documents or testimony designated under this Order as Confidential Information is included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file such material shall follow the procedures set forth in E.D. Mich. LR 5.3.  Nothing in this Order shall restrict any person, including any member of the public, from challenging the filing of any Confidential Information material under seal.

### E.    PROCEDURES UPON TERMINATION OF THIS ACTION

14.    Within 90 days after receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received information designated as Confidential Information must either make a good faith effort to return such material and all copies thereof to the person that produced it, or destroy all such Confidential Information and certify that fact in writing to that person.  Counsel for Plaintiffs and Defendant will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that Plaintiffs' employees and Defendant's counsel and such counsel's employees do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information

designated as Confidential Information to any person except pursuant to Court order or agreement with the person that produced the information designated as Confidential Information. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph.

### F.  RIGHT TO SEEK MODIFICATION

15. Nothing in this Order prevents any person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court.

**SO ORDERED:**

Dated at Detroit, Michigan, this  16th  day of  March, 2011.

            BY THE COURT:


            s/Denise Page Hood
            Denise Page Hood
            UNITED STATES DISTRICT JUDGE


Dated:  March 16, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 16, 2011, by electronic and/or ordinary mail.

            s/Felicia Moses for LaShawn R. Saulsberry
            Case Manager, (313) 234-5165

Stipulated for form and entry by:

| | |
|---|---|
| FOR PLAINTIFF<br>UNITED STATES OF AMERICA | FOR DEFENDANT BLUE CROSS<br>BLUE SHIELD OF MICHIGAN |
| /s Ryan Danks<br>Ryan Danks<br>Trial Attorney<br>Antitrust Division<br>U.S. Department of Justice<br>450 Fifth Street, N.W., Suite 4100<br>Washington, D.C. 20530<br>(202) 305-0128<br>ryan.danks@usdoj.gov<br>Illinois Bar #6277334 | /s with consent of D. Bruce Hoffman<br>D. Bruce Hoffman<br>Hunton & Williams LLP<br>1900 K Street, N.W.<br>Washington, DC 20006<br>202-955-1500<br>bhoffman@hunton.com<br>Adm. E.D.Mich., DC Bar # 495385 |

United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street
Suite 2001
Detroit, MI 48226

FOR PLAINTIFF STATE OF MICHIGAN

/s with the consent of M. Elizabeth Lippett
M. Elizabeth Lippitt
Assistant Attorney General
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48933
(517) 373-1160
LippittE@michigan.gov
P-70373

APPENDIX A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF MICHIGAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:10cv14155-DPH-MKM |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) ) | Judge Denise Page Hood Magistrate Judge Mona K. Majzoub |
| Defendant. | ) ) | |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed as _____ by _____. I hereby certify that:

1. I have read the Stipulated Protective Order Concerning Confidentiality ("Protective Order") entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order and agree to use information, designated as Confidential Information, provided to me only for the purpose of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certificate this \_\_\_\_\_ day of _____, 201\_.

_____
(SIGNATURE)