## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF MICHIGAN,<br><br>                              Plaintiffs,<br><br>              v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN, a Michigan nonprofit healthcare corporation,<br><br>                              Defendant. | Civil Action No. 2:10-cv-1455-DPH-MKM<br>Hon. Denise Page Hood<br>Mag. Judge Mona K. Majzoub |

### PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS

Christine A. Varney
Assistant Attorney General

Joseph F. Wayland
Deputy Assistant Attorney General

Joshua H. Soven, Chief
Peter J. Mucchetti, Assistant Chief
Litigation I Section
Antitrust Division
U.S. Department of Justice
Washington, D.C. 20530

Barbara L. McQuade
United States Attorney
Eastern District of Michigan

Barry J. Joyce
Ann Marie Blaylock
Ryan Danks
David Z. Gringer
Steven Kramer
Richard Liebeskind
Trial Attorneys
Antitrust Division
U.S. Department of Justice
450 Fifth Street N.W.
Suite 4100
Washington, D.C. 20530
(202) 305-0128
ryan.danks@usdoj.gov

Peter Caplan (P-30643)
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9784
peter.caplan@usdoj.gov

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS**

Plaintiffs United States and the State of Michigan respectfully, by their undersigned counsel of record, submit this motion, pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, to compel Defendant Blue Cross Blue Shield of Michigan to produce documents responsive to Plaintiffs' First Request for the Production of Documents.

For the reasons set forth below, this Court should grant Plaintiffs' motion to compel and reject Blue Cross's contentions that (1) motions to stay discovery are self-executing; and (2) that it need not produce documents from 2004 and 2005, claiming irrelevance.

As required by Local Rule 7.1, attorneys for Plaintiffs have conferred in good faith with attorneys for the Defendant regarding the nature of this Motion and its legal basis and attempted to narrow the scope of the issues before this Court. After the meet and confer, counsel for the Defendant wrote that this motion "will never be considered." Defendant did not concur with the motion and Plaintiffs' attempt to narrow the relevant issues proved unavailing. Plaintiffs now seek the Court's consideration of this motion to help narrow the issues and expedite discovery in this case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF MICHIGAN,<br><br>   Plaintiffs,<br><br>   v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN, a Michigan nonprofit healthcare corporation,<br><br>   Defendant. | Civil Action No.2:10-cv-1455-DPH-MKM<br>Hon. Denise Page Hood<br>Mag. Judge Mona K. Majzoub |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS

Christine A. Varney
Assistant Attorney General

Joseph F. Wayland
Deputy Assistant Attorney General

Joshua H. Soven, Chief
Peter J. Mucchetti, Assistant Chief
Litigation I Section
Antitrust Division
U.S. Department of Justice
Washington, D.C. 20530

Barbara L. McQuade
United States Attorney
Eastern District of Michigan

Barry J. Joyce
Ann Marie Blaylock
Ryan Danks
David Z. Gringer
Steven Kramer
Richard Liebeskind
Trial Attorneys
Antitrust Division
U.S. Department of Justice
450 Fifth Street N.W.
Suite 4100
Washington, D.C. 20530
(202) 305-0128
ryan.danks@usdoj.gov

Peter Caplan (P-30643)
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9784
peter.caplan@usdoj.gov

i

**TABLE OF CONTENTS**

STATEMENT OF ISSUES……………………………………………………………iii

TABLE OF AUTHORITIES…………………………………………………………..iv

INTRODUCTION……………………………………………………………………..1

BACKGROUND………………………………………………………………………2

BLUE CROSS LACKS A LEGAL BASIS FOR REFUSING TO COMPLY WITH PLAINTIFFS' DOCUMENT REQUEST…………………………………………..4

PLAINTIFFS ARE ENTITLED TO BLUE CROSS DOCUMENTS FROM 2004 AND 2005 BECAUSE THEY ARE RELEVANT AND LIKELY TO LEAD TO ADMISSIBLE EVIDENCE ……………………………………………….........................6

## **STATEMENT OF ISSUES**

1)	Whether a party may refuse to comply with a discovery request solely because it has a filed a motion to stay discovery, when the court has not granted the motion?

2)	Whether in an antitrust suit alleging an illegal restraint of trade, a discovery request seeking documents relating to the development of the restraint of trade and that are potential evidence of anticompetitive intent, purpose, or market conditions then existing, are relevant or likely to lead to the discovery of relevant evidence?

# **TABLE OF AUTHORITIES**

**Cases**

*American Needle, Inc. v. National Football League*, --- U.S. ----, 130 S. Ct. 2201, 2217 n.10 (2010) ……………………………………………………………………………….6
*Arvco Container Corp. v. Weyerhauser Co.*, 2009 WL 311125, at *4 (W.D. Mich. Feb. 9, 2009) ………………………………………………………………………………..............7
*Board of Trade of Chicago v. United States*, 246 U.S. 231, 238 (1918) …………………6
*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 709-10 (1962)…7
*Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979)………………………………...4
*In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act*, 2010 WL 4942645 (C.D. Cal. July 29, 2010)……………………………………………………………….4
*Kellem Energy, Inc. v. Duncan*, 616 F. Supp. 215, 217-19 (D.Del.1985) ………………..7
*Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 913 (11th Cir. 2010)…...4
*Omega Patents, LLC v. Fortin Auto Radio, Inc.*, 2006 WL 2038534, at *3 (M.D. Fla. July 19, 2006) ................................................................................................................... 5
*Polzin v. Unifund CCR Partners*, No. 08-CV-59, 2009 WL 2474668, at *4 (E.D. Wis. Aug. 11, 2009) ............................................................................................................... 4,5
*Quonset Real Estate Corp. v. Paramount Film Distr. Corp.*, 50 F.R.D. 240, 241-42 (S.D.N.Y. 1970) …………………………………………………………………………...8
*Robertson v. National Basketball Ass'n*, 67 F.R.D. 691, 700 (S.D.N.Y. 1975) ………….8
*Standard Oil Co. of New Jersey v. United States*, 221 U.S. 1, 75-76 (1910) …………….7
*Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990)…………………………….5
*Willemijn Houdstermaatschaapij, B.V. v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D.Del. 1989) ............................................................................................................ 4

**Statutes**
15 U.S.C. § 4................................................................................................................. 5

**Other Authorities**
Fed. R. Civ. P. 37 Advisory Committee's Note.................................................................. 5

**Rules**
Fed. R. Civ. P. 34(b)(2)(A) ............................................................................................ 5
Rule 37(a)(3)(B)(iv)....................................................................................................... 1

**Introduction**

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, Plaintiffs United States and the State of Michigan move to compel Defendant Blue Cross Blue Shield of Michigan to produce documents responsive to Plaintiffs' First Request for the Production of Documents served on February 4, 2011 under Rule 34.

Blue Cross has sought to stay discovery pending a resolution of its motion to dismiss primarily because it contended the burden of discovery in this case will be "enormous." Those concerns are not implicated by Plaintiffs' pending narrow document request, which seeks documents that Blue Cross represented that it had already gathered and sent for processing during Plaintiffs' investigation but did not produce, and a limited number of other easy-to-gather materials. Indeed, Blue Cross itself had endorsed such an approach, believing it would allow for later discovery to proceed "more efficiently."

Recognizing that it lacks a valid objection to Plaintiffs' pending narrow document request on burden grounds, Blue Cross has instead refused to fulfill its obligation under the Federal Rules to produce documents primarily on two insufficient grounds. First, it contends that it should not have to provide discovery while its motion to stay discovery is pending. This position is unjustified. Stays of discovery may not be self-imposed. The Federal Rules require parties to respond to proper discovery requests unless and until a court rules differently.

Second, Blue Cross also contends that Plaintiffs are not entitled to otherwise relevant documents from 2004 and 2005 relating to Blue Cross's development of its MFN provisions because those years antedate the allegations set forth in Plaintiffs' complaint. This argument is also unjustified. Courts have repeatedly recognized that in antitrust suits it is often necessary to look beyond the temporal scope of the complaint to develop evidence of the defendant's intent in

1

establishing the restraint in question. Moreover, Blue Cross has already produced selected highly probative documents from the time period in question that establish that Blue Cross was designing and negotiating anti-competitive MFN clauses beginning in at least 2004.

## **Background**

Plaintiffs sued Blue Cross on October 18, 2010, alleging that its most-favored nation provisions in contracts with Michigan hospitals have anticompetitive effects in health insurance markets throughout the State of Michigan. After receiving Plaintiffs' consent to a forty-day extension to respond to the Complaint, Blue Cross moved to dismiss the complaint on four grounds. [Dkt No.12]. More than a month later, Blue Cross filed a motion to stay discovery, pending a ruling on its motion to dismiss, even though it recognized that conducting limited discovery while its motion to dismiss was pending would enable additional discovery to proceed "more efficiently." [Dkt. No. 20 at 17]. Blue Cross's stay motion was filed prematurely before any discovery request was outstanding. Both motions have been fully briefed, and a hearing on both motions is scheduled for April 19, 2011. [Dkt No.29]. No stay of discovery has been granted.

On February 4, 2011, Plaintiffs served Blue Cross with a narrow document request (Ex. 1). The request was limited to documents that Blue Cross had already begun gathering and preparing for production pursuant to a Civil Investigative Demand issued on April 13, 2010, during Plaintiffs' pre-Complaint investigation, and other easy-to-gather documents. The parties have had multiple communications regarding Plaintiffs' initial discovery, and at no time, including in its motion to stay brief, which was filed before the discovery requests were served, has Blue Cross described any burden associated with producing the documents requested.

2

On February 25, 2011, after briefing on the stay motion had been completed, Blue Cross stated that it remained open to both parties conducting limited discovery before the motion to dismiss was decided. Letter from Todd Stenerson to Barry Joyce (2/25/11) (Ex. 2). Plaintiffs responded the next business day, stating the same willingness to continue with limited discovery and inviting Blue Cross to offer a specific proposal to advance discussions. Letter from Barry Joyce to Todd Stenerson (2/28/11) (Ex. 3).

Instead of making such a proposal, on Friday, March 4 (the business day before Blue Cross's document production was due), in response to Plaintiffs' pending document request, Blue Cross again reversed course and stated flatly that it "did not intend to produce the requested documents until Judge Hood has ruled on [its] pending [stay] motion." (Ex. 4).

Blue Cross formally raised as a general objection the same point in its March 7 formal objections to Plaintiffs' document request. In addition, it also objected and refused to produce documents from 2004 and 2005 claiming "that no allegation in the Complaint relates to any conduct prior to 2007." (Ex. 5 at 4). Blue Cross stated that, after its stay motion is resolved, it would produce documents dating back to 2006 for completeness, but would go no further. *Id*.

The next day, March 8, Plaintiffs initiated a meet and confer in hopes of avoiding the need to bring this issue before the Court. At the meet and confer's conclusion, counsel for Blue Cross asked Plaintiffs for legal authority that supported Plaintiffs' position in order to decide whether it intended to continue with its objections. Plaintiffs responded with appropriate authority in fifteen minutes. Blue Cross's counsel then did not offer any response, of any kind, for three days.

Finally, on March 11, counsel for Blue Cross responded by letter. (Ex. 6). Blue Cross's position was largely unchanged. Blue Cross remained unwilling to respond to any discovery

3

request until the court ruled on its motion to stay -- citing no authority that supported such a stance -- and stated that it would be willing to produce 2004 and 2005 documents responsive to only one of Plaintiffs' documentary requests, and then only upon Plaintiffs' agreement that they would not cite this production against Blue Cross should future discovery disputes arise.  Once again, Plaintiffs promptly responded that same day, March 11, agreeing to not cite Blue Cross's withdrawal of its relevance objection against it in future disputes, provided that Plaintiffs be allowed to use information obtained from the request in support of any further discovery from 2004 and 2005.  (Ex. 7).  Blue Cross took three more business days to send its response, rejecting Plaintiffs' offer of compromise, holding firm in its positions, and still offering no authority to support those positions. (Ex. 8).

### I. Blue Cross lacks a legal basis for refusing to comply with Plaintiffs' Document Request

Merely filing a motion to stay does not alter Blue Cross's responsibilities under the Federal Rules.  "Until an order granting the motion is entered, discovery is not stayed, and a party cannot simply ignore valid discovery requests on the ground that [its] motion to stay [discovery] might be granted."  *Polzin v. Unifund CCR Partners*, No. 08-CV-59, 2009 WL 2474668, at *4 (E.D. Wis. Aug. 11, 2009).[1]  Motions to stay discovery "are not self-executing."

---

[1] *See also Willemijn Houdstermaatschaapij, B.V. v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("unless and until [a party] is granted a stay, [that party] should be required to conduct discovery as if no motion had been filed at all"); *In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act*, 2010 WL 4942645 (C.D. Cal. July 29, 2010).  The same rule applies to other types of discovery.  *See, e.g.*, *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (filing motion for protective order does not relieve party's "duty to appear for [] deposition"); *Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 913 (11th Cir. 2010) (same).

4

*Omega Patents, LLC v. Fortin Auto Radio, Inc.*, 2006 WL 2038534, at *3 (M.D. Fla. July 19, 2006).

Nonetheless, Blue Cross contends that it is free to ignore Plaintiffs' valid discovery requests until its stay motion is decided. In the interim, Blue Cross has effectively granted its own motion. But the Federal Rules make no such allowance. *Omega Patents*, 2006 WL 2038534, at *3 ("nowhere in the rules" is there support for a party unilaterally refusing to comply with a discovery request merely because it has filed a motion to stay discovery); *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990) (party's refusal to comply with discovery merely because a stay motion was pending "would reduce a court's orders to useless and senseless formalities"). Indeed, the Rules mandate responses to proper discovery requests absent a *court* ordering otherwise. *See* Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 37 Advisory Committee's Note (relief from discovery requests "depends on obtaining a court order to that effect").

Blue Cross's blanket refusal to comply with Plaintiffs' discovery request, (Ex. 4), cites no authority for its contrary position, nor did Blue Cross offer any in the meet-and-confer discussion or in follow-up communications. Indeed, following the meet-and-confer, counsel for Defendant wrote Plaintiffs that Plaintiffs should not file this motion simply because it will "never be considered." (Ex. 6 at 2). This statement suggests that Defendant knows its position lacks any legal basis and it is refusing to comply only in the hope that this Court will never reach the merits of this motion. Defendant's strategy should not be rewarded. This Court should grant Plaintiffs' motion to compel, and Blue Cross "must fully comply with the discovery request previously propounded by plaintiff[s]." *Polzin*, at *4.

5

## II. Plaintiffs are Entitled to Blue Cross Documents from 2004 and 2005 because they are relevant and likely to lead to Admissible Evidence

Blue Cross has objected to four of seven Plaintiffs' document requests and Instruction No. 1 in Plaintiffs' First Request for the Production of Documents to the extent that such documents seek information from 2004 and 2005, incorrectly contending that documents from those years are irrelevant and unlikely to lead to admissible information. (Ex. 5 at 3-5, 7, 8).[2] This objection is baseless. Courts have regularly held that the temporal scope of discovery in an antitrust suit is not so limited. Plaintiffs are entitled to responsive documents dating back to 2004 because such documents may be highly probative of Blue Cross's intent and strategy in entering into anti-competitive MFN clauses.

Plaintiffs have brought an antitrust claim under Section 1 of the Sherman Act that is evaluated under the Rule of Reason. *See United States v. Delta Dental of Rhode Island*, 943 F. Supp. 172, 174 (D. R.I. 1996). To apply the Rule to a challenged restraint, a court must consider factors including "the condition [of the relevant market] *before and after* the restraint is imposed . . . the history of the restraint . . . the reason for adopting [the restraint and] the purpose or end sought to be attained." *American Needle, Inc. v. National Football League*, --- U.S. ----, 130 S. Ct. 2201, 2217 n.10 (2010) (quoting *Board of Trade of Chicago v. United States*, 246 U.S. 231, 238 (1918)) (emphasis added). In light of these factors, courts have recognized repeatedly that an antitrust "plaintiff is ordinarily permitted to discover defendant's activities for a reasonable

---

[2] Defendant also objects to Document Requests 1 and 2 because "commencement of litigation renders the [pre-complaint Civil Investigative Demand ("CID") issued by Plaintiffs to Defendant] no longer valid." (Ex. 5 at 4-5). This statement is irrelevant. Plaintiffs are not seeking to enforce the CID. Instead, Plaintiffs have issued a valid document request pursuant to Rule 34 of the Federal Rules of Civil Procedure seeking documents that were requested and gathered pursuant to the CID, *but were not produced*. Here, the CID serves as a point of reference in describing specific documents requested, not as an independent legal obligation.

6

period of time antedating the earliest possible date of the actionable wrong." *Arvco Container Corp. v. Weyerhauser Co.*, 2009 WL 311125, at *4 (W.D. Mich. Feb. 9, 2009).[3]

Plaintiffs' request, which seeks documents dating back to 2004, is a reasonable one and is aimed at discovering facts that are clearly relevant under the applicable legal standard. Documents that shed light on the history of Blue Cross's development and use of MFNs, its strategy in seeking them, and the competitive environment before they were entered into are all relevant under a Rule of Reason inquiry. Further, the time period in question is particularly reasonable in light of a limited number of documents from 2004 and 2005 already produced during the pre-complaint investigation by Blue Cross showing the development and discussion of its MFN clauses.

Blue Cross does not contend that any undue burden is associated with producing documents from 2004 and 2005.[4] Its objection is limited solely to the incorrect assertion that "no allegation in the Complaint relates to any conduct prior to 2007." (Ex. 5 at 4) But not only is this assertion without legal import, it is also factually incorrect. Plaintiffs have attached two documentary examples that show Blue Cross was formulating and negotiating MFN clauses in 2004.

---

[3] *See also, e.g., Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 709-10 (1962) (history of development of conspiracy admissible at trial); *Standard Oil Co. of New Jersey v. United States*, 221 U.S. 1, 75-76 (1910) (considering evidence dating back prior to passage of Sherman Act to determine whether there was anticompetitive intent); *Kellem Energy, Inc. v. Duncan*, 616 F. Supp. 215, 217-19 (D.Del.1985) (temporal scope of discovery "broad" where "needed to uncover evidence of invidious design, pattern or intent").

[4] For the first time, in its March 11th letter, Blue Cross contends that "widespread" discovery from 2004 and 2005 would constitute an undue burden. Though "widespread" discovery for these years may be burdensome, there is no claim that the outstanding document request is burdensome. Blue Cross did object that a response to Specification #4 of Plaintiffs' Request would constitute an undue burden. However, it did so in light of its assertion that the documents requested had already been produced. (Ex. 5 at 6). Thus, Plaintiffs are not seeking to compel a further response to that Specification.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████

     From these two documents alone, it is clear that Blue Cross was both formulating and planning to negotiate MFN clauses at least as early as 2004. This bargaining history between Blue Cross and Michigan hospitals is clearly relevant to show how the MFN clauses Plaintiffs are challenging were developed. *Robertson v. National Basketball Ass'n*, 67 F.R.D. 691, 700 (S.D.N.Y. 1975) ("history of bargaining" before restraints in question were entered into relevant to question of how restraints "came into being"). Indeed, in light of case law establishing that the temporal scope of discovery can stretch backward far beyond the earliest possible date of alleged anti-competitive conduct, Plaintiffs would be justified in requesting documents going back well before 2004. *See, e.g.*, *Quonset Real Estate Corp. v. Paramount Film Distr. Corp.*, 50

F.R.D. 240, 241-42 (S.D.N.Y. 1970) (allowing discovery for a period of ten years before commencement of illegal conduct).  Judged against such far-ranging permitted discovery, the temporal scope of Plaintiffs' discovery here is demonstrably relevant and reasonable.

### Conclusion

For the reasons stated above, Plaintiffs ask the Court to compel Blue Cross to produce documents responsive to Plaintiffs' First Request for Documents.

Respectfully Submitted,

FOR PLAINTIFF UNITED STATES OF AMERICA:

| | |
|---|---|
| Peter Caplan | Barry J. Joyce |
| Assistant United States Attorney | Ann Marie Blaylock |
| United States Attorney's Office | Ryan Danks |
| Eastern District of Michigan | David Z. Gringer |
| 211 W. Fort Street | Steven Kramer |
| Suite 2001 | Richard Liebeskind |
| Detroit, Michigan 48226 | Trial Attorneys |
| (313) 226-9784 | Litigation I Section |
| P-30643 | |
| peter.caplan@usdoj.gov | |
| | By |
| | s/Ryan Danks |
| | Trial Attorney |
| | Antitrust Division |
| | U.S. Department of Justice |
| | 450 Fifth Street N.W., Suite 4100 |
| | Washington, D.C. 20530 |
| | (202) 305-0128 |
| | Ryan.Danks@usdoj.gov |
| FOR PLAINTIFF STATE OF MICHIGAN: | s/ with the consent of M.Elizabeth Lippitt |
| | M. Elizabeth Lippitt |
| | Assistant Attorney General |
| | G. Mennen Williams Building, 6th Floor |
| | 525 W. Ottawa Street |
| | Lansing, Michigan 48933 |
| | (517) 373-1160 |
| | P-70373 |
| | LippittE@michigan.gov |

March 17, 2011

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to the counsel of record for all parties for civil action 2:10-cv-14155-DPH-MKM, and I hereby certify that there are no individuals entitled to notice who are non-ECF participants.

s/Ryan Danks
Trial Attorney
Antitrust Division
U.S. Department of Justice
450 Fifth Street N.W., Suite 4100
Washington, D.C. 20530
(202) 305-0128
Ryan.Danks@usdoj.gov
