# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA
and the STATE OF MICHIGAN,

           Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN, a Michigan nonprofit
healthcare corporation,

           Defendant.

Civil Action No. 10-cv-14155-DPH-MKM
Hon. Denise Page Hood
Hon. Mona K. Majzoub

## DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Joseph A. Fink (P13428)
Thomas G. McNeill (P36895)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
313-223-3500
jfink@dickinsonwright.com

Todd M. Stenerson (P51953)
D. Bruce Hoffman (Adm. E.D. MI, DC Bar 495385)
Neil K. Gilman (Adm. E.D. MI, DC Bar 449226)
Marty Steinberg (E.D. MI Admission pending; DC Bar 996403)
David A. Higbee (E.D. MI Admission pending; DC Bar 500605)
HUNTON & WILLIAMS LLP
1900 K Street, NW
Washington, DC 20006
202-955-1500
tstenerson@hunton.com

Robert A. Phillips (P58496)
BLUE CROSS BLUE SHIELD OF MICHIGAN
600 Lafayette East, MC 1925
Detroit, MI 48226
313-225-0536
rphillips@bcbsm.com

- 2 -

Blue Cross Blue Shield of Michigan ("Blue Cross") hereby responds to Plaintiffs' motion seeking to compel the production of documents. (Dkt. 38.) Because Blue Cross's objections are meritorious and procedurally proper, for the reasons stated in the attached memorandum, Blue Cross respectfully submits that the motion should be denied.

                                                  Respectfully submitted,

                                                  /s/ Todd M. Stenerson
                                                  Todd M. Stenerson (P51953)
                                                  Hunton & Williams LLP
                                                  1900 K Street, NW
                                                  Washington, DC 20006
                                                  Phone:  202-955-1500
                                                  Fax:  202-778-7436
                                                  tstenerson@hunton.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA
and the STATE OF MICHIGAN,

          Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN, a Michigan nonprofit
healthcare corporation,

          Defendant.

Civil Action No. 10-cv-14155-DPH-MKM
Hon. Denise Page Hood
Hon. Mona K. Majzoub

DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S BRIEF IN SUPPORT OF
ITS RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Joseph A. Fink (P13428)
Thomas G. McNeill (P36895)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
313-223-3500
jfink@dickinsonwright.com

Todd M. Stenerson (P51953)
D. Bruce Hoffman (Adm. E.D. MI, DC Bar 495385)
Neil K. Gilman (Adm. E.D. MI, DC Bar 449226)
Marty Steinberg (E.D. MI Admission pending; DC Bar 996403)
David A. Higbee (E.D. MI Admission pending; DC Bar 500605)
HUNTON & WILLIAMS LLP
1900 K Street, NW
Washington, DC 20006
202-955-1500
tstenerson@hunton.com

Robert A. Phillips (P58496)
BLUE CROSS BLUE SHIELD OF MICHIGAN
600 Lafayette East, MC 1925
Detroit, MI 48226
313-225-0536
rphillips@bcbsm.com

## TABLE OF CONTENTS

Page

STATEMENT OF ISSUES PRESENTED ................................................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ........... iv

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

    I.    Blue Cross Followed Proper Procedure by Responding with Objections .............. 4

    II.    Blue Cross's Objections Are Well Founded ........................................................... 5

        A.    As Blue Cross Explained in its Motion to Stay, Discovery is Improper While a 12(b)(6) Motion is Pending ........................................... 5

        B.    Plaintiffs' Motion is Premature With Respect to Time-Frame .................. 9

CONCLUSION ............................................................................................................................. 12

## STATEMENT OF ISSUES PRESENTED

1. Whether Blue Cross's assertion of objections to Plaintiffs' document request on the basis that discovery was not appropriate while a dispositive motion to dismiss was pending was procedurally proper and meritorious?

2. Whether Plaintiffs' have complied with Local Rule 7.1 in raising the issue of Blue Cross's objection to relevance based on time frame before reaching impasse with Blue Cross on the issue?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

### Federal Cases

*Ball Mem'l Hosp. Inc. v. Mut. Hosp. Ins.*, 784 F.2d 1325 (7th Cir. 1986)

*Barry Wright Corp. v. ITT Grinnell Corp.*, 724 F.2d 227 (1st Cir. 1983)

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997)

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999)

*In re Apollo Group, Inc. Sec. Litig.*, 2009 WL 2169178 (D. Ariz. July 17, 2009)

*Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981)

*Mann v. Brenner*, 375 F. App'x 232 (3d Cir. 2010)

*Moore v. Nw. Airlines*, 2005 WL 1348635 (E.D. Mich. Apr. 22, 2005)

*Neitzke v. Williams*, 490 U.S. 319 (1989)

*Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729 (9th Cir. 1987)

*United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958)

Plaintiffs' motion addresses a unique discovery issue deriving from an unlikely procedural posture. The relevant procedural history began on the day that the Rule 26(f) report was filed, when Blue Cross Blue Shield of Michigan ("Blue Cross") filed a motion to stay on the basis that discovery was inappropriate while the motion to dismiss was pending.[1]  Plaintiffs sought an extension of time to respond to the motion to stay—a request to which Blue Cross agreed.  But Plaintiffs then used that extra time to hand-serve discovery requests on Blue Cross, to which responses would be due nine days after the briefing on the motion to stay was complete. Realizing that the Court would not have a chance to rule on the motion to stay in that nine day window (which would have been larger had Plaintiffs not sought extra time to respond to the motion to stay), Blue Cross timely responded to the discovery requests by asserting objections.

Plaintiffs now take the position that it was improper for Blue Cross to object to the appropriateness of discovery while its motion to dismiss was pending, contending that Blue Cross's motion to stay is too late and that Blue Cross is "granting its own motion" to stay discovery because the Court did not have a chance to rule on that motion before discovery was due. (Mot. to Compel, Dkt. 38 at 4, 5.)  Plaintiffs take this position despite advancing exactly the opposite contention when Blue Cross filed its motion to stay—that the stay motion was premature because no discovery request was then-pending. (DOJ Br. in Resp. to Mot. to Stay, Dkt. 27 at 1, 16.)  If both positions are correct—if motions to stay are premature before discovery is served, but ineffectual afterwards—then all roads lead to Rome and there is no possible way resist improper discovery.

---

[1] Having failed to reach agreement regarding discovery during the 26(f) process and with discovery opening pursuant to Rule 26(d)(1), Blue Cross filed its motion to stay at the appropriate time.

Ultimately, the question posed by Plaintiffs' motion is whether a party may moot a pending stay motion through subsequent unilateral action that creates an impossibly short window in which the Court must rule. The answer to this question must be no.

Additionally, in their rush to manufacture a discovery dispute before the Court could rule on the motion to stay, Plaintiffs prematurely targeted Blue Cross's objections to the time-frame of some of Plaintiffs' discovery requests. But, as the letters attached to Plaintiffs' motion show, the parties had neither finished conferring on those objections nor reached impasse when Plaintiffs filed their motion. Until Plaintiffs properly comply with their meet and confer obligation, the Court should not address this issue (or whatever remains of it).

Because Blue Cross's objections are procedurally proper and meritorious, the motion to compel should be denied.

## **BACKGROUND**

On December 17, 2010, Blue Cross filed a motion to dismiss. (BC Mot. to Dismiss, Dkt. 12.) Over the next month, Blue Cross met and conferred with the Plaintiffs regarding discovery. During that time, Blue Cross continuously asserted that the most appropriate course of action for this case would be to stay discovery until the Court's ruling on the motion to dismiss.[2] After

---

[2] A letter omitted from the late January correspondence attached to Plaintiffs' motion clearly explains Blue Cross's pre-filing position regarding the stay. (*See* Letter from T. Stenerson to B. Joyce (1/21/2011) ("With respect to your assertions regarding Blue Cross's proposed timeline for discovery, we are puzzled by your suggestion that we seek to 'suspend the majority of discovery indefinitely' and have not provided counterproposals. Blue Cross's position is, and remains, that it is entitled to a stay of discovery while the Court considers our substantial motion to dismiss.… For this reason we have consistently informed DOJ of the need to create a timeline that runs from the date when the Court rules on the motion to dismiss. While that date is not absolutely concrete, it is not 'indefinite' either.… We can only conclude, based on your letter and your statements at the Rule 26(f) conference, that DOJ is concerned the Court will not rule expeditiously, thereby creating an indefinite stay. While we do not share your concerns, at the Rule 26(f) conference, we agreed that a status conference could be held to re-visit the terms of a stay if that motion is not decided before June 30, 2011 ….") (App. 1).)

several discussions, it became clear that Plaintiffs would accept nothing less than full-fledged discovery. Therefore, Blue Cross filed a motion to stay. (BC Mot. to Stay, Dkt. 20.) The goal of that motion was to avoid the unnecessary costs that would be incurred if the Court granted Blue Cross's motion to dismiss. Blue Cross's motion cited ample authority for the proposition that a discovery stay is proper in this case. (*Id.* at 3-9.) DOJ responded, contending that Blue Cross's motion was premature. (DOJ Br. in Resp. to Mot. to Stay, Dkt. 27 at 1.)

On January 26, 2011, Plaintiffs requested an extension to respond to the motion to stay. After Blue Cross agreed (a courtesy it will always extend to Plaintiffs absent prejudice to Blue Cross), Plaintiffs hand-served their discovery. Because of the extended briefing schedule Plaintiffs requested, Plaintiffs' use of service by hand to shorten Blue Cross's response period, and the postponement of the motion to dismiss hearing until April 19, 2011, Blue Cross's responses to discovery were due before the Court could rule on the motion to stay. Faced with a situation where its responses to discovery were due before the hearing on the motion to stay, Blue Cross followed an appropriate course of action. It did not, contrary to Plaintiffs' implicit argument, ignore their requests. Rather, pursuant to Federal Rule of Civil Procedure 34(b), Blue Cross asserted its objections. Because Blue Cross objected to the requests in their entirety, no documents were produced.

## **ARGUMENT**

Blue Cross, as a litigant in this Court, must follow the Federal Rules of Civil Procedure and applicable court decisions. Plaintiffs must do the same. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958). Here, Blue Cross has followed the rules by properly responding to Plaintiffs' requests in a timely manner. And because Blue Cross's objections are well founded, the motion to compel should be denied.

I.   **Blue Cross Followed Proper Procedure by Responding with Objections**

Plaintiffs argue that Blue Cross has refused to respond to their discovery requests. (Mot. to Compel, Dkt. 38 at 1 (challenging "Blue Cross's refusal to participate in discovery before the Court rules on its motion to stay")).) This is not true. Plaintiffs served document requests and, pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), Blue Cross responded by serving objections.

There can be no debate that Blue Cross's response was procedurally proper. As explained by the leading commentator on the Federal Rules of Civil Procedure, to resist "requests for production of documents … proper procedure calls for the responding party to object to discovery demands that it believes are improper." 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2035 (3d ed. 2010). Thus, while Plaintiffs correctly state that a party must respond within 30 days, Fed. R. Civ. P. 34(b)(2)(A), they ignore (or are unaware) that a response includes "an objection to the request," Fed. R. Civ. P. 34(b)(2)(B). The advisory committee notes further confirm that Blue Cross responded properly:

> the responding party who believes that some parts or all of the interrogatories are objectionable may choose to seek a protective order under new Rule 26(c) or may serve objections under this rule. *Unless he applies for a protective order, he is required to serve answers or objections in response to the interrogatories…*.

Fed. R. Civ. P. 33, advisory committee note to the 1970 Amendment (emphasis added).[3]

Contrary to Plaintiffs' claim, Blue Cross has properly responded to Plaintiffs' discovery by serving timely objections. Accordingly, the only question for the Court is whether Blue Cross's objections are meritorious. As is demonstrated below, they are.

---

[3] The comment to Rule 33 is expressly made applicable to Rule 34. Fed. R. Civ. P. 34, advisory committee's note to the 1970 Amendment ("The procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended, and the discussion in the note appended to that rule is relevant to rule 34 as well.")

- 4 -

## II. Blue Cross's Objections Are Well Founded

Plaintiffs take issue with two of Blue Cross's objections. First, they claim that discovery is always appropriate while a motion to stay is pending, absent a court order to the contrary. (Mot. to Compel, Dkt. 38 at 1.) Second, they claim (incorrectly) that Blue Cross is engaging in a blanket refusal to produce documents from 2004 to 2005. (*Id.*) Plaintiffs are wrong.

### A. As Blue Cross Explained in its Motion to Stay, Discovery is Improper While a 12(b)(6) Motion is Pending

Plaintiffs first argue that the Court should order Blue Cross to produce documents while the discovery stay is pending. Specifically, they contend that Blue Cross's motion to stay was too late because the Court did not have time to enter an order prior to the date when the first discovery was due. (Mot. to Compel, Dkt. 38 at 4, 5.) Plaintiffs advance this position despite previously arguing that Blue Cross filed its motion to stay prematurely and should have waited for a burdensome discovery request before seeking a stay. (DOJ Br. in Resp. to Mot. to Stay, Dkt. 27 at 1, 16.) These two positions cannot coexist—if one cannot file a motion to stay until served with discovery, but a motion to stay is not a basis to object to discovery, then motions to stay cannot fully protect a party from having to respond to discovery.[4]

This is not the case, as was fully explained in Blue Cross's motion to stay discovery. Courts have repeatedly held that discovery is not appropriate, and should be stayed, while a dispositive motion is pending (especially in antitrust cases). *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (the purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding"); *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d

---

[4] By Plaintiffs' logic, even if the Court were ultimately to grant a motion to stay discovery, any discovery responses due prior to the Court's ruling would have to be produced. Thus, Plaintiffs seeking to short-circuit discovery stays would only need to serve wide-ranging discovery at the first opportunity, since responses to that discovery would almost inevitably be required before the Court's ruling on a fully-briefed stay motion.

729, 738 (9th Cir. 1987); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (unpublished). This entire body of law would be rendered meaningless if a plaintiff can moot the stay motion simply by serving discovery.[5]

The cases cited by Plaintiffs are off point. First, Plaintiffs cite *Omega Patents, LLC v. Fortin Auto Radio, Inc.* 2006 WL 2038534 (M.D. Fla. July 19, 2006) (quoted in Mot. to Compel, Dkt. 38 at 4, 5). But that case addressed a Rule 37 motion for violations of a court order to "produce responsive documents within 11 days of the date of this Order and produce its corporate representative for deposition." *Id.* at *1. Blue Cross has not refused to comply with a court order to produce.[6]

Second, Plaintiffs cite cases involving local rules unique to the courts deciding the case. (Mot. to Compel, Dkt. 38 at 4-5 (citing *Omega Patents*, 2006 WL 2038534 at *3[7] and *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990)[8].) But, of course, "[t]his district … is not

---

[5] Plaintiffs make much of the fact that their request here is not burdensome, but the principle they argue for knows no such limitation. The rule of law they ask the Court to adopt would allow a party to serve all of its discovery the day after a motion to stay is filed, which would moot the motion to stay unless the Court were to rule in the nine day window between the 21 day briefing period for the motion and 30 day response period for the discovery request. Here, of course, the briefing period was longer because of the extension requested by Plaintiffs.

[6] *Omega Patents* is further distinct because, in that case, the motion to stay was frivolous. As the court there explained, there was no argument that discovery should be stayed "[b]ecause the only viable option available to [Defendant] was a transfer of the case to another federal forum [and] … discovery conducted would be *equally valid and appropriate in the other federal forum*." 2006 WL 2038534, at *4 (emphasis added).

[7] This case analyzed "[Defendant's] obligation under the practices of this Court …" and repeatedly cited the *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida*. *Omega Patents*, 2006 WL 2038534, at *4.

[8] This case interpreted then-Local Rule 15D and explained that "[d]enial of the motion to stay ordinarily would have permitted summary disposition of the motion to compel, but the

bound by the local rules of other districts." *Moore v. Nw. Airlines*, 2005 WL 1348635, at *2 (E.D. Mich. Apr. 22, 2005) (Mazjoub, J.). Indeed, as one court explained, "[b]ecause [this district] has no such authority in its local rules, the existence of the authority in the local rules of other districts serves only to undermine [the] argument." *In re Apollo Group, Inc. Sec. Litig.*, 2009 WL 2169178, at *3 (D. Ariz. July 17, 2009).

Third, Plaintiffs cite cases involving depositions. (Mot. to Compel, Dkt. 39 at 4 n.1 (citing *In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act*, 2010 WL 4942645 (C.D. Cal. July 29, 2010),[9] *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979), and *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 913 (11th Cir. 2010)).) But these cases are irrelevant. A protective order should generally be secured *prior to* the date *of a deposition*, but not so for document requests, where objections alone suffice. *See* 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2035 (3d ed. 2010).

Fourth, Plaintiffs cite to at least one case where the motion to stay was filed after discovery was served.[10] (Mot. to Compel, Dkt. 38 at 4 (citing *Polzin v. Unifund CCR Partners*,

---

circumstances suggested that *some guidance on the local rules*, especially concerning discovery, would be helpful to the parties." *Tinsley*, 750 F. Supp. at 1013 (emphasis added).

[9] *Toys R Us* is doubly irrelevant because the party resisting discovery never formally responded in any way. 2010 WL 4942645, at *3. Here, Blue Cross responded pursuant to Federal Rule of Civil Procedure 34.

[10] The sequence of the motions is not clear in *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1439-50 (D. Del. 1989) (cited in Mot. to Compel, Dkt. 38 at 4 n.1), but it seems likely that significant discovery was ongoing (both sides had motions to compel pending at the time the Court issued its order) before the stay issue arose. Moreover, the stay motion was extremely narrow, implicating only two of (at least) forty six discovery requests, and was based on Defendant's willingness to stipulate to the fact for which discovery was sought—a very different stay motion than the one at issue here. *Id.* at 1441-42. Further, the opinion is colored by the fact that the party who filed the motion to stay was engaged in significant, unrelated discovery abuse. *Id.* at 1440.

No. 08-cv-59, 2009 WL 2474668, at *4 (E.D. Wis. Aug. 11, 2009)[11].) There is a profound difference between using a motion to stay to attempt to avoid a validly pending discovery request and using a discovery request to attempt to void a previously-filed, pending motion to stay.

Finally, Plaintiffs cite to Federal Rule of Civil Procedure 34(b)(2)(A) and the advisory committee note for Federal Rule of Civil Procedure 37, claiming that they support Plaintiffs' argument that Blue Cross cannot object on the grounds of its pending motion to stay. (Mot. to Compel, Dkt. 38 at 5.) First, Rule 34 specifically authorizes Blue Cross's response here by defining a response to include "an objection to the request." Fed. R. Civ. P. 34(b)(2)(B). Second, the note to Rule 37 is irrelevant because it deals with Rule 26(c) protective orders rather than stay orders, which derive from the Court's inherent powers, not Rule 26. *See Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Further, to the extent a stay order can be analogized to a 26(c) protective order, the note to Rule 37 again validates Blue Cross's actions, explaining, "[t]he last sentence of this subdivision is revised to clarify that it is the *pendency of a motion for protective order that may be urged as an excuse* for a violation of subdivision (d)."[12] Fed. R. Civ. P. 37 advisory committee's note (emphasis added). The Federal rules do not support Plaintiffs' position.

---

[11] *Polzin* is doubly irrelevant because the party resisting the document request never responded to the document request in any way (despite responding to requests for admission). 2009 WL 2474668, at *4. Here, Blue Cross responded pursuant to Federal Rule of Civil Procedure 34.

[12] Subdivision (d) addresses sanctions for failure to respond to a request for production of documents. Fed. R. Civ. P. 37(d).

### B. Plaintiffs' Motion is Premature With Respect to Time-Frame

Plaintiffs' motion also raises a challenge to Blue Cross's objection to the time-frame contemplated by some of Plaintiffs' documents requests (Plaintiffs do not identify which requests, but the four that present this time-frame issue are requests one, two, six, and seven, as well as instruction number one).[13] However, parties are required to meet and confer before moving to compel to ensure that there is an actual dispute ripe for judicial intervention before the Court's time is consumed with discovery motions. *See* E.D. Mich. L.R. 7.1; Comment to E.D. Mich. L.R. 37.1 (noting that motions to compel are subject to Local Rule 7.1). Probably because Plaintiffs rushed to file before this issue had been fully conferred on and before impasse had been reached, the motion does not clearly explain the precise dispute Plaintiffs ask this Court to resolve. And, in fact, there is no such dispute as yet.

After receiving Blue Cross's objections, Plaintiffs called Blue Cross, asking Blue Cross to withdraw its relevance objection to 2004-2005 documents. On March 11, 2011, Blue Cross responded with a letter explaining that, as to the time-frame issue generally, wide-ranging discovery of documents before 2006 constituted an undue burden. (Letter from T. Stenerson to S. Kramer (3/11/2011) (App. 2).) But, given the specific circumstances of this specific request—that the documents were already collected—Blue Cross agreed to withdraw its objection to request 1 when the stay pending resolution of the dispositive motion concluded (or if the stay motion was denied, when the stay was denied). (*Id.*) That compromise was premised on Plaintiffs' willingness not to cite the fact that Blue Cross produced documents in this instance to show, in support of future requests, that such production of such documents were "within the appropriate scope of discovery or does not constitute an undue burden on Blue Cross." (*Id.*)

---

[13] Mot. to Compel, Dkt. 38 at 6.

This qualification should be unsurprising; the lack of burden is based on a specific circumstance present in this request that will likely not be present in future requests—the documents sought here were already collected and would have been turned over pursuant to the Civil Investigative Demand if Plaintiffs had not truncated the pre-filing production period by filing suit.

While Plaintiffs responded quickly, their response was vague. Plaintiffs agreed "not to rely on the withdrawal of Blue Cross's objection in arguing that such discovery is not burdensome, subject once again to Plaintiffs' retaining the right to cite the fact that Blue Cross has already produced such documents from 2004 to 2005 as evidence that production would, in fact, not impose an undue burden." (Letter from S. Kramer to T. Stenerson (3/11/2011) (App. 3).) These positions are flatly inconsistent; arguing that production of one set of previously-collected documents from 2004-2005 shows that there is no burden in producing other, not previously-collected, documents is tantamount to using Blue Cross's agreement to produce as evidence that production is not burdensome. Plaintiffs also suggested that the documents were relevant to show "anti-competitive intent," but did not explain why, or for what intent they were searching. (*Id*.)

Blue Cross responded as any party faced with such a letter would—it sought clarification. Blue Cross wrote "we understand that you have agreed not to cite Blue Cross's withdrawal of its document request # 1 to argue that discovery from prior to 2006 is appropriate and not burdensome. We are confused, however, by your assertion that you may use our production in this instance to argue that the production of other documents would not be burdensome." (Letter from T. Stenerson to S. Kramer (3/16/2011) (App. 4).) Blue Cross further sought explanation of "your reference to 'anti-competitive intent' in pre-2007 documents. Neither your letter nor, to

- 10 -

use your words, the 'highly relevant' documents you provided, shed any light on what anticompetitive intent those or any other pre-2007 letters might reveal." (*Id.*)

Instead of answering these questions, clarifying their position, or making any other effort to negotiate, Plaintiffs filed their motion to compel. That motion does not address the issue of Blue Cross's conditional waiver and remains vague as to why 2004-2005 documents are relevant. The question of relevance, while not the only issue on which the parties must confer, is an example of why this issue should not yet be before the Court. Indeed, Blue Cross never took the position that intent was, *per se*, irrelevant—it asked for clarification as to the intent for which Plaintiffs were searching so that Blue Cross could determine whether the request would lead to relevant information. (Letter from T. Stenerson to S. Kramer (3/16/2011) (App. 4).) That request deserved a response. As Judge Easterbrook explains, "an argument about evil intent in antitrust requires us to ask: 'intent to do what?'"[14] *Ball Mem'l Hosp. Inc. v. Mut. Hosp. Ins.*, 784 F. 2d 1325, 1338 (7th Cir. 1986). Before allowing Plaintiffs to engage in unlimited document discovery to search for "intent," the Court and Blue Cross have a right to understand the relevance of this inquiry.

---

[14] Intent is not always relevant in a rule of reason case. *Barry Wright Corp. v. ITT Grinnell Corp.*, 724 F.2d 227, 232 (1st Cir. 1983) ("[I]f the search for intent means a search for documents or statements specifically reciting the likelihood of anticompetitive consequences or of subsequent opportunities to inflate prices, the knowledgeable firm will simply refrain from overt description. If it is meant to refer to a set of objective economic conditions that allow the court to 'infer' improper intent, then, using Occam's razor, we can slice 'intent' away. Thus, most courts now find their standard, not in intent, but in the relation of the suspect price to the firm's costs.") (Breyer, J.) (citations omitted); *Ball Mem'l Hosp. Inc. v. Mut. Hosp. Ins.*, 784 F. 2d 1325, 1338 (7th Cir. 1986) (Easterbrook, J.) ("[I]ntent to harm rivals is not a useful standard in antitrust."); ABA Antitrust Section, Monograph No. 23, The Rule of Reason, 114 (1999) ("Modern courts have been reluctant to rely heavily on intent in rule of reason cases, because intent, by itself, does not distinguish good conduct from bad conduct; most vigorous competitors intend to destroy one another and make more profits.").

We also note that Plaintiffs misconstrue a statement made to them in the parties' correspondence. Where (inaccurately) certifying their compliance with Local Rule 7.1, Plaintiffs took a point made to them—that "this motion 'will never be considered'"—grossly out of context, apparently to support their erroneous claim that the parties were at impasse on all issues. (*See* Mot. to Compel, Dkt. 38.) In fact, as the letter Plaintiffs quote makes absolutely clear, Blue Cross was simply saying that if the Court grants the motion to stay, Plaintiffs' motion to compel would be moot, while if the Court denies the motion to stay, Blue Cross will obviously withdraw its objection on this ground. Thus, a motion to compel addressing the question whether discovery should go forward while the motion to stay was pending would be entirely duplicative of the fully briefed motion to stay and would therefore be a waste of the time and resources of the parties and the Court. This obviously true statement had nothing to do with whether the parties were at impasse on any issue, let alone on all issues (such as the time-frame of the requests).

To conclude, Plaintiffs should be directed to comply with the meet and confer requirements of Local Rule 7.1, so that the issues can be fully understood by Blue Cross, and then possibly resolved or narrowed, before presentation to this Court.

## CONCLUSION

For the foregoing reasons, Blue Cross respectfully requests that the motion to compel be denied.

Respectfully submitted,

/s/ Todd M. Stenerson
Todd M. Stenerson (P51953)
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006

Phone: 202-955-1500
Fax: 202-778-7436
tstenerson@hunton.com

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2011, I electronically filed the foregoing response and brief in support with the Clerk of the Court using the ECF system which will send notification of such filing to the individuals registered to receive electronic service in this docket, and I hereby certify that there are no individuals listed on the court's manual service list. Below is the Court's Electronic Mail Notice List for Civil Action No. 10-cv-14155-DPH-MKM.

**Farayha J. Arrine**
farrine@dickinsonwright.com

**Ryan Danks**
ryan.danks@usdoj.gov, richard.liebeskind@usdoj.gov, david.gringer@usdoj.gov, steven.kramer@usdoj.gov, audrey.pak@usdoj.gov, barry.joyce@usdoj.gov, ann.blaylock@usdoj.gov, peter.j.mucchetti@usdoj.gov

**Joseph A. Fink**
jfink@dickinsonwright.com, lpage@dickinsonwright.com

**Mary Elizabeth Lippitt**
lippitte@michigan.gov, MiersL@michigan.gov, geem1@michigan.gov

**Thomas G. McNeill**
TMcNeill@dickinsonwright.com, LMolisee@dickinsonwright.com

**Alyson L. Oliver**
notifications@krescholiver.com

**Robert A. Phillips**
rphillips@bcbsm.com, vburnett@bcbsm.com

**Todd M. Stenerson**
tstenerson@hunton.com, jlasken@hunton.com, csmoot@hunton.com

**Jason J. Thompson**
jthompson@sommerspc.com, dnichols@sommerspc.com

    /s/ Todd M. Stenerson
    Hunton & Williams LLP
    1900 K Street, N.W.
    Washington, DC  20006
    tstenerson@hunton.com
    P51953