# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF MICHIGAN,<br><br>                     Plaintiffs,<br><br>           v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>                     Defendant | Civil Action No.<br>2:10-cv-14155-DPH-MKM<br>Hon. Denise Page Hood<br>Mag. Judge Mona K. Majzoub |

## THIRD PARTY COVENANT MEDICAL CENTER, INC.'S
## BRIEF IN RESPONSE TO DEPARTMENT OF JUSTICE'S MOTION TO COMPEL

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Statement of Issues Presented ............................................................................................. ii

Table of Authorities ........................................................................................................... iii

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS .......................................................................................1

III.   ARGUMENT ............................................................................................................4

      A.     Applicable Law ..............................................................................................5

      B.     Application To Facts ......................................................................................6

      C.     In The Alternative, The Government Should Bear The Expense ..................8

IV.    CONCLUSION .......................................................................................................10

## STATEMENT OF ISSUES PRESENTED

Should Covenant, a non-party that has already produced, and is willing to produce most of the documents that the Department of Justice has requested, be protected from the undue burden and significant expense of producing all documents disclosing its contracting or negotiations with employers or commercial health insurers other than Blue Cross?

Covenant says Yes.

Should the entire cost of review and production be shifted to the government in the event the Court grants the government's motion?

Covenant says Yes.

# **TABLE OF AUTHORITIES**

**CASES**

*Cuomo v. Clearing House Ass'n, L.L.C.*,
 557 U.S. 519, 129 S. Ct. 2710 (2009)...................................................................................6

*Cusumano v. Microsoft Corp.*,
 162 F.3d 708 (1st Cir. 1998)................................................................................................6

*Hansen Beverage Co. v. Innovation Ventures, LLC*,
 2009 WL 2351769 (E.D. Mich. Jul. 28, 2009) ....................................................................6

*In re Asbestos Products Liability Litigation*,
 2011 WL 4547960 (E.D. Pa.) at *2 .....................................................................................9

*Kean v. Van Dyken*,
 2006 WL 374503* (E.D. Mich. Feb. 16, 2006) ...................................................................9

*Linder v. Calero-Portocarrero*,
 183 F.R.D. 314 (D.D.C. 1998).............................................................................................9

*Lomax v. Sears, Roebuck & Co.*,
 238 F.3d 422, 2000 WL 1888715 (6th Cir. 2000) (Unpublished opinion)..........................5

*Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*,
 197 F.3d 922 (8th Cir. 1999) ...............................................................................................6

*Orbit One Communications, Inc. v. Neumerex Corp.*,
 2009 WL 799975 (E.D. La.) at *5 .......................................................................................9

*United States v. Gammo*,
 428 F. Supp. 2d 705 (E.D. Mich. 2006)...............................................................................5

**OTHER AUTHORITIES**

Rule 26......................................................................................................................................5

Rule 45*..............................................................................................................................1, 5, 9

---

\* Denotes Controlling or most appropriate authority for the relief sought.

10751186.10

I.      **INTRODUCTION**

The Department of Justice's motion against Covenant Medical Center, Inc. d/b/a Covenant HealthCare ("Covenant") ignores the protections of Rule 45, and seeks to unjustifiably impose significant expense on Covenant.  In particular, it ignores the requirement of Rule 45(c)(2)(B)(ii) that any order compelling production in these circumstances "*must* protect a [non-party] from significant expense resulting from compliance." (Emphasis added.)[1]

Instead, the government's brief attempts to mischaracterize Covenant as uncooperative by misstating its position and by emphasizing meaningless "concessions" that do not even remotely address Covenant's legitimate concerns.

The fact is that Covenant has already produced, and is willing to produce most of the documents that the Department of Justice has requested.  This includes essentially all of the documents sought as to Blue Cross, the defendant in this case, and the government has no complaint about that production.  As to the single request on which there is a dispute, the expense to Covenant would be significant, and the benefit to the government is conjectural.

At a minimum, the mandatory cost shifting provisions of Rule 45(c)(2)(B)(ii) should apply.  The government can then decide if it is really worth this expense for it to obtain these additional documents.

II.     **STATEMENT OF FACTS**

Covenant received a Civil Investigative Demand from the government on April 14, 2010. The CID sought a wide variety of information and documents including, among other things, meeting minutes, financial statements, business plans, and all documents relating to negotiations

---

[1] The Covenant brief is in most respects verbatim identical to the brief filed on this same date by MidMichigan Health.  That is because the issues affecting the two parties are in many respects identical.  Where the facts differ, of course, the briefs differ.

1

10751186.10

with Blue Cross. See Exhibit A. Covenant responded to the CID beginning April 26, 2010, producing more than 1,100 pages of documents from both hard copy and electronic sources.

On February 16, 2012 the government served a subpoena on Covenant in the captioned matter. See Exhibit B. In Request 3 (the only disputed Request), the subpoena sought a wide variety of documents relating to payors *other than* the Defendant Blue Cross:

> 3. Produce all documents, since January 1, 2008, discussing your company's contracting or negotiations with any employer or commercial health insurance carrier other than BCBSM, including all documents discussing:
>
>    (a) any change in reimbursement rates or reimbursement methodology, including your company's reasons for seeking any such changes, and the analysis of the potential effect on revenues;
>
>    (b) your company's actual or possible termination or notice of termination of any contract with any employer or commercial health insurance carrier;
>
>    (c) any instance in which your company declined to contract, or declined to contract at reimbursement rates lower than the rates any BCBSM MFN requires be charged to other commercial health insurance carriers;
>
>    (d) any communications with any employer or commercial health insurance carrier concerning any BCBSM MFN;
>
>    (e) any impact on the employer or commercial health insurance carrier from any BCBSM MFN, or any actions taken or considered by your company that resulted or would result in bringing your company into compliance with any BCBSM MFN; or
>
>    (f) your company's analyses and evaluations of the negotiations, including the potential impact from your company not contracting with an employer or commercial health insurance carrier.

In response to the subpoena, Covenant filed timely objections on March 1, 2012. See Exhibit C.

The parties then engaged in several rounds of negotiation relating to the response to the subpoena. Covenant made a series of concessions in the negotiations, including the following:

1. Covenant agreed to update its search for documents relating to Blue Cross for the period between its CID response and the date of the subpoena, with regard to its electronic documents and emails. Ettinger Decl. at ¶ 2(a), attached as Exhibit D.

2. Covenant agreed to produce documents through the date of the subpoena, rather than June 11, 2011, as set forth in its objections. *Id.* at ¶ 2(b).

The one area in which the parties were unable to reach agreement concerned Request 3, which seeks documents with regard to payors *other than* Blue Cross. In response to Request 3, Covenant objected, except to the extent that the documents in question related to most favored nations clauses, which is, of course, the conduct challenged by the government in this case. See Exhibit C at p. 6. Covenant explained to the government that a response to this Request as written would entail production of a very large number of documents, and would impose significant burden and expense. Ettinger Decl. at ¶ 4. The government did not at any time dispute Covenant's burden concerns, or ask for any more detail or support relating to those concerns. *Id.*

Covenant proposed a number of alternatives to limit its burden and to attempt to respond to the government's concerns. Ettinger Decl. at ¶¶ 2, 6. For example, it agreed to produce final contracts for all payors. See *Id.* at ¶5; Exhibit E. It also agreed to produce documents as to any two payors selected by the government. Ettinger Decl. at ¶ 6.

In response, the government was only willing to limit the request to 7 payors. (The government says it limited the request to 5 payors, but it reaches that number only by including two subsidiaries, Cofinity and PPOM, as part of Aetna. *Id.* at ¶7. In fact, it has demanded

3

10751186.10

documents as to all three entities, not just one of them.) The government also proposed search terms which would call for virtually all documents relating to contract, rate or termination discussions. See Exhibit F. For example, the terms require for each payor, all documents that use any of the following terms: "agree* OR contract* OR negotiate* OR network* OR proposal* OR rate* OR reimbur* OR term* OR depar* OR de-par* OR termina* OR rate*." *Id.*[2] These topics are contained in virtually all the documents possessed by Covenant with regard to these payors. Biederman Decl. at ¶¶2-3, attached as Exhibit G.

At no point did Covenant end negotiations or refuse to produce documents. Ettinger Decl. at ¶ 5.

In response, the government filed this motion. It is now no longer proposing search terms, but is instead seeking "all documents disclosing the hospital's contracting or negotiations with employers or commercial health insurers other than Blue Cross. . ." DOJ Brief at 9. This is even broader than previously requested by the government, since it contains *no* limitations on the number of payors. As with the government's proposed search terms, it calls for virtually all the documents Covenant possesses relating to managed care plans. Biederman Decl. at ¶¶ 2-3.

Unquestionably, production of the documents sought by the government would impose significant expense upon Covenant. It would require the review of thousands of documents, taking Covenant at least 100 hours to review the files of just one of the custodians. Biederman Decl. at ¶ 4. This would not include the further privilege review by counsel.[3]

### III.   ARGUMENT

---

[2] Ultimately, search terms were not used because of the difficulties faced by Covenant in applying them. See Grantham Decl. ¶¶ 2-3, attached as Exhibit H.

[3] This dispute does not concern shared drives, archives, files in storage, electronic backups, voicemail, portable media, mobile telephones, instant messaging or personal digital assistants, or documents from persons other than the agreed upon custodians. Covenant objected to producing from such sources, and the government has not challenged that objection.

A.  **Applicable Law**

Fed. R. Civ. P. 45 mandates that a party issuing a subpoena must "take reasonable steps to avoid imposing undue burden or expense" on a non-party, and that "the issuing court must enforce this duty and impose and appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply."  Fed. R. Civ. P. 45(c)(1).

Rule 45(c)(2)(B)(ii) provides an even stronger protection for non-parties.  It states that where a non-party has objected to a subpoena, and a motion to compel is filed, any resulting order "*must* protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  (Emphasis added.)  This 2006 amendment to the rule absolutely protects non-parties from undergoing significant expense in a case in which they have not been sued.

Further, "[a]ll discovery is subject to the limitations of Rule 26(b)(2) . . .." *United States v. Gammo*, 428 F. Supp. 2d 705, 708 (E.D. Mich. 2006).  Rule 26(b)(2) mandates that the "court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that:

\*   \*   \*

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii)

"District courts have wide discretion to limit discovery to prevent 'annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Lomax v. Sears, Roebuck & Co.*, 238 F.3d 422, 2000 WL 1888715 (6th Cir. 2000) (Unpublished opinion).  Additionally, "Judges

are trusted to prevent 'fishing expeditions' or an undirected rummaging through . . . records for evidence of some unknown wrongdoing." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 129 S. Ct. 2710, 2719 (2009).

Courts have found that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluation the balance of competing needs." *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *Hansen Beverage Co. v. Innovation Ventures, LLC*, 2009 WL 2351769, at *1 (E.D. Mich. Jul. 28, 2009) (nonparty status is a "significant factor" in the undue burden analysis)).

B. **Application To Facts**

Applying these standards, the government's motion to compel should be denied. The government's position does not in any way "protect" Covenant from "significant expense." For example, Gayle Biederman estimates that it will take at least 100 hours to review just her own documents for responsiveness and privilege. Statement of Facts ("SOF") at 4. It is certainly a significant expense to Covenant to require its key managed care staff person to devote two and one-half weeks of her time to reviewing documents in a case in which Covenant is not a party.

Covenant has offered a series of compromises that would have reduced (though not eliminated) this expense. SOF at 3-4. First, it agreed to produce documents related to most favored nations clauses. *Id.* at 3. This, presumably, should have satisfied the government, since the issue of the impact of most favored nations clauses on other payor contracts is the one and only way in which those payor contracts are relevant to this case. As alleged in the government's Complaint at p. 1:

> Blue Cross' use of MFNs has reduced competition in the sale of health insurance in markets throughout Michigan by inhibiting hospitals from negotiating competitive contracts with Blue Cross'

6

> competitors. The MFNs have harmed competition by (1) reducing the ability of other health insurers to compete with Blue Cross, or actually excluding Blue Cross' competitors in certain markets, and (2) raising prices paid by Blue Cross' competitors and by self-insured employers. By reducing competition in this manner, the MFNs are likely raising prices for health insurance in Michigan.

When this didn't satisfy the government, Covenant agreed to make other concessions. It agreed to produce all the payors' final contracts. SOF at 3. It agreed to produce the broad range of documents requested by the government, with respect to two payors (which the government could select). *Id.* This was intended, of course, to limit Covenant's burden, while allowing the government its discretion as to which documents it most desired.

In response, the government has rejected all of these compromises, and thereby rejected any legitimate means by which Covenant would be protected from significant expense. Its own suggestions, see Exhibit 4, p. 2 to DOJ Brief, are completely useless. The government's offer to inspect the documents in the first instance without review by Covenant makes no sense unless Covenant is willing to allow all privileged documents to be reviewed by an outside party. Ettinger Decl. at ¶8.

The government's suggestion that Covenant identify file folders, date ranges and insurer names to help locate the documents that are applicable to these insurers doesn't address in any way Covenant's concerns. *Id.* Covenant never claimed that it couldn't *find* the documents relating to these payors. What Covenant has explained, is that there are *so many* such documents that reviewing them individually is a far too burdensome task. See Biederman Decl. at ¶¶ 2-4. So the government's suggestions do nothing to protect Covenant from expense.[4]

---

[4] The same is true with respect to the government's suggestions to (1) sort emails by the "To" and "From" fields, (2) create an electric text file showing file directories, and (3) allow the government to run its [all-encompassing] search terms for responsive documents that would then be reviewed by Covenant for privilege. All these suggestions would accomplish is identifying the easily identifiable, but highly voluminous, responsive documents. So they solve a non-

7

While the burden and expense to Covenant is significant, the benefit to the government is speculative, at best. Despite possessing more than a thousand pages of documents from Covenant, probably tens of thousands of other documents from Blue Cross and (presumably) other payors, and the opportunity to use its CID power to develop the facts prior to filing its complaint, the government's motion contains no specific allegations about Covenant's negotiations with any particular payor other than Blue Cross. Given the substantial discovery record, the government's inability to offer anything more than speculation about what the requested documents "may show" reveals the speculative nature of the Request.

The only exception the government notes is Priority. But, consistent with Covenant's offer, the government could identify Priority and one other payor as the subject of Covenant's search. That would allow the government to obtain documents in the only areas where it claims to have reason to believe that there are concerns. And it would avoid the need for Covenant to undergo an extensive search with regard to other payors.

Moreover, the government has other avenues through which to pursue this issue, which it presumably is undertaking. If some payor other than Blue Cross has been harmed by the Blue Cross MFN as applied to Covenant, then why not obtain evidence from that payor? If such harm exists, the payors presumably have an incentive to provide it voluntarily to the government. That would also avoid the expense to Covenant.

**C.     In The Alternative, The Government Should Bear The Expense**

In the event the Court grants the government's motion, the Court should (as Rule 45 mandates) shift the entire cost of review and production to the government. As one district court

---

problem, and don't address the real problem. As explained in Covenant's and MidMichigan's response to the letter containing the government's suggestions, the government's alternatives "still require a document by document review of everything relating to these payors . . . they would all then have to be reviewed for privilege." Exhibit E.

8

10751186.10

held, "it is appropriate to direct the party requesting discovery of a non-party to pay the reasonable costs associated with complying with the production." *In re Asbestos Products Liability Litigation*, 2011 WL 4547960 (E.D. Pa. Oct. 3, 2011) at *2.[5]

Indeed, "the entire tenor of Fed. R. Civ. P. 45 is to prohibit a party from simply shifting his significant litigation expenses to a non-party . . .." *Kean v. Van Dyken*, 2006 WL 374502 at *5 (E.D. Mich. Feb. 16, 2006) (internal quotations and citations omitted). As recognized by the court in *Kean*,

> "Rule 45's *mandatory* cost-shifting provisions promote the most efficient use of resources in the discovery process. When nonparties are forced to pay the costs of discovery, the requesting party has no incentive to deter it from engaging in fishing expeditions for marginally relevant material. Requesters forced to internalize the cost of discovery will be more inclined to make narrowly-tailored requests reflecting a reasonable balance between the likely relevance of the evidence that will be discovered and the *costs of compliance.*"

*Id*. (quoting *Linder v. Calero-Portocarrero*, 183 F.R.D. 314, 322-23 (D.D.C. 1998). (Emphasis added). *See also Orbit One Communications, Inc. v. Neumerex Corp.*, 2009 WL 799975 (E.D. La. Mar. 20, 2009) at *5 (costs of compliance shifted to the plaintiff movant).

In this case it would be appropriate to shift the following fees and costs to the government: attorney's fees related to responding to the subpoena; attorney's fees related to responding to the motion to compel; fees and costs associated with the collection, review, and production of documents; and all fees and costs associated with preparation of a privilege log.

---

[5] The government's suggestion that Covenant is not truly a non-party because of its connection to the facts of this case is irrelevant here. The rule distinguishes between parties and non-parties, not between involved and uninvolved non-parties. In a similar circumstance, the *Asbestos* court explained that "although plaintiffs' counsel implied during one of the telephone conferences that Duke is not truly a non-party because it employed some of their clients and may at some point become a defendant, at the present time Duke is not a party." *Id.*

9

That would at least compensate Covenant for expenses it is being forced to incur in a case in which it is not a party.

IV. **CONCLUSION**

For the forgoing reasons, Covenant requests this Court to deny the government's motion. In the alternative, the government should be forced to pay Covenant's cost of compliance with the government subpoena, including the expense of review and searching documents.

Respectfully submitted,

By: /s/ David A. Ettinger
David A. Ettinger (P26537)
Honigman Miller Schwartz & Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7368 (p)
(313) 465-7369 (f)
dettinger@honigman.com

Date: April 19, 2012

*Attorney for Covenant Medical Center d/b/a Covenant HealthCare*

10

10751186.10

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David A. Ettinger
David A. Ettinger (P26537)
Honigman, Miller, Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7368 (p)
(313) 465-7369 (f)
dettinger@honigman.com

10751186.10