**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**United States of America and the**
**State of Michigan,**

           **Plaintiffs,**             **Civil Action No.: 10-CV-14155**

    **vs.**                   **District Judge Denise Page Hood**

                                 **Magistrate Judge Mona K. Majzoub**

**Blue Cross Blue Shield of Michigan,**
**a Michigan nonprofit healthcare**
**corporation,**

           **Defendant.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL MIDMICHIGAN HEALTH [143] AND COVENANT HEALTHCARE [145/146] TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA

This matter comes before the Court on Plaintiff United States of America's Motion to Compel non-parties MidMichigan Health ("MidMichigan") (Docket no. 143) and Covenant HealthCare ("Covenant") (together "the Hospitals") (Docket nos. 145 and 146) to Produce Documents Responsive to Subpoena. MidMichigan (Docket no. 163) and Covenant (Docket no. 162) filed Responses to Plaintiffs' respective motions. Plaintiff filed Replies to each response. (Docket no. 164 (MidMichigan); Docket nos. 166 and 167 (Covenant).) The parties to each motion filed joint statements indicating that they had not resolved any of the issues presented. (Docket no. 170 (MidMichigan); Docket no. 171 (Covenant).) These motions were referred to the undersigned for decision. (Docket nos. 18, 28, 34.)

On October 1, 2012, the Court granted in part and reserved in part Plaintiff's Motions (Docket no. 216.) The Court ordered that the Hospitals respond to Plaintiff's subpoenas but ordered the Hospitals to submit detailed estimates of the reasonable costs that will be incurred as a

consequence of their compliance with Plaintiff's subpoenas. (*Id.*) The Hospitals have submitted their estimates. (Docket no. 218 (MidMichigan); Docket no. 219 (Covenant).) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Motions are now ready for ruling.

## I.    Background[1]

In its Motions to Compel, Plaintiff argued that it needed the requested information to support its contention that Defendant's use of MFN clauses had an anti-competitive impact on the marketplace. (Docket nos. 143 and 145/146.) The Hospitals argued that the burden in producing these documents would substantially outweigh their relevance. (Docket nos. 162 and 163.) The Court found that the documents were relevant and that the burden of producing such documents outweighs their relevance in light of the Hospitals' nonparty status. (Docket no. 216 at 9-11.)

With no guiding precedent from the Sixth Circuit, the Court elected to follow the line of cases beginning with *In re Exxon Valdez*, 142 F.R.D. 380 (D.D.C. 1992). Accordingly, the Court ordered the Hospitals to provide cost estimates and noted that "[u]pon receipt of this information, the Court will determine if the costs are significant, and if they are, the Court will balance the equities of the case to determine the amount of costs, if any, that should be shifted to Plaintiff." (Docket no. 216 at 12.)

## II.    Legal Framework

Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

---

[1]The Court will adopt the background that it previously set forth in its October 1, 2012 Opinion and Order. (*See* docket no. 216.)

than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26. *See*, e.g.*, Martin v. Oakland County*, No. 06-12602, 2008 WL 4647863, at *1 (E.D. Mich., Oct. 21, 2008) (Pepe, M.J.) (10 citations omitted). Rule 45(c)(1) requires that the party issuing a subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P. 45(c)(1). To determine whether a burden is undue, a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it. *Lowe v. Vadlamudi*, No. 08-10269, 2012 WL 2887177, at *2 (E.D. Mich., Sept. 7, 2012) (Lawson, J.) (citing *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D.Ohio 1999); *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir.1994)). That is, the Court must weigh "the likely relevance of the requested material . . . against the burden . . . of producing the material." *Ford Motor Credit Co*, 26 F.3d at 47. Non-party status is also a relevant factor. *Lowe*, 2012 WL 2887177, at *2 (citing *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C.2005))**.**

Rule 45(c) provides that "[t]he issuing court *must* enforce [the subpoena-issuing party's duty to avoid imposing an undue burden on the responding party] and impose an appropriate sanction—which *may* include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed.R.Civ.P. 45(c)(1) (emphasis added) Thus, any order compelling production "must protect a person who is neither a party nor a party's officer from *significant* expense resulting from compliance." Fed.R.Civ.P. 45(c)(2)(B)(ii) (emphasis added). This section

of Rule 45 was added to protect nonparties "against significant expense resulting from involuntary assistance to the court."   Fed.R.Civ.P. 45 (Advisory Committee Notes, 1991 Amendment, Subdivision (c)).  To achieve this goal, where a court finds that a nonparty is subject to an undue burden, the court must determine (1) if compliance with the subpoena imposes an expense on the nonparty, and (2) if so, whether that expense is "significant."  *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (C.A.D.C. 2001).  "If [it is], the court must protect the nonparty by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'" *Id.*  To determine how much cost to shift from the nonparty, the court must balance the equities of the particular case, including "[1] whether the putative nonparty actually has an interest in the outcome of the case, [2] whether it can more readily bear its cost than the requesting party; and [3] whether the litigation is of public importance."  *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992) (internal citations omitted).

## III.   Analysis

### A.   Determining Whether the Costs are Significant

Having already found that the Hospitals–as nonparties in this matter–are subject to an undue burden and that compliance with the subpoenas will impose an expense, the Court must determine whether that expense is "significant."  MidMichigan estimates that its cost of compliance is "at least $14,720." (Docket no. 218 at 1.)  Covenant estimates that its cost is "at least $16,127." (Docket no. 219 at 1.)  Whether costs are "significant" is at the discretion of the court.  *See  Linder v. Calero–Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001) (having "no trouble concluding" that discovery expenses amounting to $200,000 were "significant"); *Williams v. City of Dallas*, 178 F.R.D. 103, 113 (N.D. Tex. 1998) (holding that $9,000 in discovery was significant); *Sound Security, Inc. v. Sonitrol Corp.*, No. 08-05350, 2009 WL 1835653, at *1 (W.D. Wash., June 26,

2009) (holding that $60,000 in costs was "clearly 'significant'").  Here, the Court finds that the $14,720 estimated by MidMichigan and the $16,127 estimated by Covenant are significant. Therefore, cost-shifting under Rule 45 is appropriate.

### B.  Balancing the Equities and Shifting Costs

#### 1.     The Hospitals' Interest in the Outcome of the Case

If the nonparty was "substantially involved in the underlying transaction and could have anticipated that [the transaction would] reasonably spawn some litigation, expenses should not be awarded." *In re First Am. Corp.*, 184 F.R.D 234, 242 (S.D.N.Y. 1998); *see also Wells Fargo Bank, N.A., v. Konover*, 259 F.R.D. 206, 207 (D.Conn.2009); *In re Subpoenas to Folliard*, No. 10-789, 2012 WL 907763 (D.D.C. Mar. 16, 2012).  When the Hospitals entered into the agreements with Defendant, they were aware of the MFN clauses and could have anticipated that these agreements could spawn litigation–either from Plaintiff or one of Defendant's competitors.  Moreover, if the MFN clauses at issue are found to violate the Sherman Act, these provisions–to which the Hospitals are parties–could be found invalid.  Therefore, the Court finds that the Hospitals have an interest in the outcome of the case.

#### 2.     Whether the Hospitals Can More Readily Bear the Cost of Production

Plaintiff refers to the Hospitals as "large" and "important" health systems.  (Docket no. 143 at 7.)  MidMichigan's website states that it has "[a]nnual gross revenues of approximately $1.1 billion" and "[a]ssets valued at more than $590 million."  FACTS AND FIGURES, http://www.midmichigan.org/about/facts-figures (last visited Oct. 9, 2012).  Covenant bills itself as "the sixth largest hospital in Michigan," the "[l]argest health care employer in the Great Lakes Bay Region," and the "[l]argest employer in Saginaw County," with over 4,000 employees, 500 physicians, and 600 volunteers.  FREQUENTLY ASKED QUESTIONS, http://www.covenanthe

althcare.com/body.cfm?id=555647 (last visited October 9, 2012). Plaintiff, on the other hand, is the United States of America. The Court finds that Plaintiff and the Hospitals can all readily bear the cost of production.

### 3.      Whether the Litigation is of Public Importance

Plaintiff contends that this case qualifies as a case of "public importance." (Docket no. 164 at 5-6 (citing *U.S. v. Int'l Bus. Mach.*, 62 F.R.D 526, 529 (S.D.N.Y. 1974); *Exxon Valdez*, 142 F.R.D. at 383.) As stated in the Court's October 1, 2012 Order, Plaintiff brings this suit on behalf of the public at large and alleges that Defendant violated antitrust laws in a manner that led to higher heath-care costs to citizens throughout the State of Michigan. (Docket no. 216 at 6.) The Court finds that this is a matter of public importance that could impact every citizen in the State of Michigan.

### 4.      Cost-Shifting

The Hospitals requested that the entire cost of production be shifted to Plaintiff. (Docket no. 162 at 9-10; Docket no. 163 at 10.) But the amount of cost that must be shifted pursuant to Rule 45 is only enough to render the expense "non-significant" in light of the equities outlined above. *See Exxon Valdez* 142 F.R.D. at 383**.** Here, the Hospitals have an interest in the outcome of the case, and the litigation is a matter of public importance. Moreover, each party can equally bear the cost of production. Thus, only a minimal shifting of costs is appropriate under the circumstances. Therefore, the Court finds that shifting 15% of the estimated cost of production to Plaintiff would render the expense non-significant under the circumstances.

**IT IS ORDERED** that Plaintiff's Motions to Compel Documents from the Hospitals [143 and 145/146] are **GRANTED.** Pursuant to the Court's October 1, 2012 Order, the Hospitals must produce documents responsive to the subpoena no later than October 20, 2012, subject to the

following limitations:

> (a) with respect to MidMichigan, a search of three custodians' files for documents related to insurers Aetna (and its subsidiaries, Cofinity and PPOM), Health Plus, United, and Priority, and employers Dow Chemical and Dow Corning (Docket no. 143 at 3; Docket no. 164 at 3 n.2); and

> (b) with respect to Covenant, a search of two custodians' files for documents related to insurers Aetna (and its subsidiaries, Cofinity and PPOM), UnitedHealthcare, Health Plus, Priority, and McLaren (Docket no. 167 at 3 n.2).

**IT IS FURTHER ORDERED** that 15% of the Hospitals' estimated cost of production is shifted to Plaintiff. Plaintiff must pay $2,208 to MidMichigan and $2,419 to Covenant within seven (7) days of Plaintiff's receipt of each respective Hospital's production of documents in compliance with the subpoenas.

### <u>NOTICE TO THE PARTIES</u>

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October _11, 2012          s/ Mona K. Majzoub_____
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 11, 2012          <u>s/ Lisa C. Bartlett</u>
                                 Case Manager